IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stanford L. Burris | : |
| | : |
| Plaintiff, | : |
| | :  Civ. No. 04-1469-SLR |
| v. | : |
| | : |
| Richards Paving, Inc. | : |
| | : |
| Defendant | : |

**DEFENDANT RICHARDS PAVING, INC.'S APPLICATION FOR ORAL ARGUMENT TO VACATE THE ENTRY OF DEFAULT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 55 (C)**

Defendant Richards Paving, Inc. (hereafter referred to as "Richards Paving") hereby makes this application to this Court to enter an order vacating the entry of default against Richards Paving. In support of its motion, the defendant states:

1. On or about November 24, 2005, plaintiff filed his complaint in the U.S. District Court for the District of Delaware. A copy of the complaint is attached as Exhibit A.

2. On or about December 13, 2004, this Court entered an Order granting plaintiff's motion to proceed In Forma Pauperis. Per the Court's Order, plaintiff was also to complete and return an original U.S. Marshall-285 form.

3. Defendant contends that it received Plaintiff's Complaint, but did not realize that it had anything to respond to.

4. Defendant further contends that he did not receive any instructions or questions with which defendant thought he had to respond to.

5. Defendant further contends that it did not know that a response was required. In fact, it was not aware of how to respond or what questions to answer until it received the Notice of Entry of Default on June 9, 2005.

6. On or about June 9, 2005, the Clerk of the District Court filed an Entry of Default pursuant to Federal Rules of Civil Procedure 55(a).

7. Defendant did not seek the advice of legal counsel until June 13, 2005, after the Entry of Default.

8. Pursuant to Federal Rules of Civil Procedure 55(c), "the court may set aside an entry of default for good cause shown" and at the discretion of the district court.

9. Under <u>United States v. $$55,518.05 in U.S. Currency</u>, 728 F.2d 192 (3rd Cir. 1984), in making a decision to vacate the entry of default, the courts consider: 1) whether the plaintiff will be prejudiced if the court sets aside the default; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct.[1]

10. In the instant case, there is no indication that plaintiff will be prejudiced by setting aside the default. In fact, the case is in its initial stages of litigation and plaintiff has not been prejudiced by any delay.

11. Defendant Richards Paving has a meritorious defense which will be brought to light if and when discovery begins in this matter.

12. Defendant Richards Paving did not act willfully or in bad faith in failing to respond to Plaintiff's complaint. At most, defendant's ignorance of the law and the Federal Rules of Civil Procedure, was the reason for its failure to answer plaintiff's complaint.

13. The district court in Shearin denied plaintiff's Motion for Entry of Default Judgment finding that there was a "breakdown in communication" between counsel and Defendant, which did not rise to the level of culpable conduct. 2004 WL 609320, *1, (D.Del. 2004). In Shearin, the defendant's counsel was on vacation and failed to respond to plaintiff's complaint, eventhough the defendant had at least one attorney available to respond. Id. (Exhibit B).

14. Likewise, in Cowan v. Tricolor Inc., this court vacated the entry of default and default judgment against a corporation that had failed to answer plaintiff's complaint eventhough the President of the corporation had filed a motion to represent the company. 869 F. Supp. 262 (D.Del. 1994).

WHEREFORE, for the reasons stated above, Richards Paving, Inc., respectfully requests that this Court grant oral argument to vacate the Entry of Default.

>ELZUFON AUSTIN REARDON
>TARLOV & MONDELL, P.A.
>
>/s/ Matthew P. Donelson
>Matthew P. Donelson, ID #4243
>300 Delaware Avenue, Suite 1700
>P.O. Box 1630
>Wilmington, DE 19899-1630
>(302) 428-3181
>Attorney for Defendant
>Richards Paving, Inc.

Dated: June 16, 2005

---

[1] See also Shearin v. Poole, 2004 WL 609320, *1 (D.Del. 2004).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stanford L. Burris | : |
| Plaintiff, | : |
| v. | : Civ. No. 04-1469-SLR |
| Richards Paving, Inc. | : |
| Defendant | : |

**CERTIFICATE OF ELECTRONIC SERVICE**

I, Matthew P. Donelson, do hereby certify that on this 16th day of June, 2005, I have caused the following documents to be served electronically on the parties listed below:

1. Application to Vacate the Entry of Default;

2. Exhibit A – Plaintiff's Complaint

3. Exhibit B – Unreported case law

4. This Certificate of Electronic Service.

| | |
|---|---|
| Gary Aber, Esq.<br>Aber, Goldlust, Baker & Over<br>702 King Street, Suite 600<br>P.O. Box 1675<br>Wilmington, DE 19890 | Stanford L. Burris<br>88 Karlyn Drive<br>New Castle, DE 19720 |

DATE: June 16, 2005

/s/MATTHEW P. DONELSON
MATTHEW P. DONELSON #4243

G:\Docs\CLIENT\130708\15698\pleading\00287993.DOC