## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Stanford L. Burris | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 04-1469-SLR |
| v. | : | |
| | : | |
| Richards Paving, Inc. | : | |
| | : | |
| Defendant | : | |

### DEFENDANT RICHARDS PAVING, INC.,'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendant Richards Paving, Inc., (hereafter referred to as "Richards Paving") hereby moves this Court to enter an order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted. In support of its motion, Richards Paving states:

1. On or about November 24, 2004, plaintiff filed his complaint alleging violation of Title VII of the Civil Rights Act of 1964 (hereafter "Title VII"). A copy of the complaint is attached as Exhibit A.

2. The complaint alleges that Richards Paving violated Title VII by failing to hire plaintiff after, "all tests were pasted". (Exhibit A, para. 10).

3. The complaint further alleges that Richards Paving's conduct was discriminatory with respect to plaintiff's race and color. (Exhibit A, para. 11).

4. Pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.

5. In the instant case, plaintiff's complaint should be dismissed because the complaint and supporting documents do not support a violation of Title VII based on plaintiff's race or color.

6. Likewise, plaintiff's complaint should also be dismissed because Title VII does not provide an actionable claim for disability discrimination.

7. Under 12(b)(6), "the factual allegations of the complaint must be accepted as true." Blair v. Wal-Mart Stores, Inc., 2004 WL 2283560, at *2 (D.Del. Sept. 30, 2004); citing Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).  (Exhibit B).

8. Furthermore, a court may dismiss a complaint, "only is it is clear the no relief could be granted under any set of facts that could be proved consistent with the allegations." Graves, 117 F.3d at 726.

9. Plaintiff fails to allege how he was discriminated against based on his race or color. The factual allegations in plaintiff's complaint and the record before the court, fails to specify how plaintiff was discriminated against based on race or color. In fact, plaintiff's Charge of Discrimination filed with the EEOC contradicts any allegation that he was discriminated against based on his race or color.

10. In plaintiff's Charge of Discrimination, plaintiff outlines his version of the facts and specifically checks "Disability", as the basis for his claim of discrimination. Plaintiff did not check, "Race" or "Color" as a basis for his claim of discrimination. Furthermore, the facts in plaintiff's Charge of Discrimination do not support a violation of Title VII because of plaintiff's race or color. Based on

these facts alone, plaintiff's complaint alleging violation of Title VII should be dismissed. (See Exhibit A).

11. Plaintiff's disability discrimination claim is not actionable under Title VII.

12. As this Court in Blair has stated, "Disability is not among the enumerated bases for discrimination brought under a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive". Blair, at *4, citing Diep v. Southwark Metal Mfg., Co., No. 00-6136, 2001 WL 293146, at *2 (E.D. Pa. Mar. 19, 2001); *see also* Brennan v. Nat'l Tel. Directory Corp., 881 F. Supp. 986, 997 (E.D. Pa. 1995).

13. In the present case, plaintiff's Charge of Discrimination filed with the EEOC only alleges discrimination based on his disability. Under the case law and Title VII, a claim for disability discrimination cannot be brought under Title VII. Therefore, his complaint should be dismissed as to his allegations of disability discrimination since disability discrimination is not protected by Title VII.

WHEREFORE, for the reasons stated above, Richards Paving respectfully request that this Court dismiss plaintiff's complaint.

                                                **ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.**

/s/ Matthew P. Donelson
Matthew P. Donelson, ID #4243
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant
Richards Paving, Inc.

DATED: August 5, 2005