Westlaw.

Not Reported in F.Supp.2d  
2004 WL 2283560 (D.Del.)  
(Cite as: 2004 WL 2283560 (D.Del.))

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Rose M. BLAIR, Plaintiff,  
v.  
WAL-MART STORES INC., Defendant.  
**No. Civ.A. 03-717-GMS.**

Sept. 30, 2004.  
Rose M. Blair, Ellendale, DE, pro se.

*MEMORANDUM*

SLEET, J.

I. INTRODUCTION

*1 The plaintiff, Rose M. Blair ("Blair"), filed the above captioned suit, *pro se,* against her former employer, Wal-Mart Stores Inc. ("Wal-Mart"), alleging that it violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2, *et seq.*, by discriminating against her because of her disability. Presently before the court is Wal-Mart's motion to dismiss Blair's complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Blair's complaint is sufficient to constitute a basis for subject matter jurisdiction. Therefore, the court will deny Wal-Mart's Rule 12(b)(1) motion. Blair, however, has filed her disability discrimination claim pursuant to the wrong federal statute. Thus, she cannot prove any set of facts which would entitle her to relief under Title VII. As a result, the court will grant Wal-Mart's motion to dismiss pursuant to Rule 12(b)(6).

II. BACKGROUND

In November 2001, Blair was employed at Wal-Mart, in Georgetown, Delaware as a "people greeter." According to Blair, she suffered from a disability and needed to sit down frequently while performing her duties. In response to a request from Wal-Mart, Blair alleges that, on November 15, 2001, she brought a medical note to work from her physician, Dr. Mann, that explained why she needed to sit down frequently.

After receiving the note, Wal-Mart allegedly informed Blair that she could sit down for that day, but that the job of a "people greeter" was performed while standing. Blair alleges that approximately fifteen to twenty minutes after she arrived home from work that same evening, she received a call from Wal-Mart informing her not to return to work until she could perform her job in the "right way." Blair has not attempted to return to work for Wal-Mart since the telephone conversation. Blair alleges that, at the time she was hired, Wal-Mart employed another "people greeter" who used a cane and sat in a wheelchair to perform her duties. Blair further alleges that her friends and family informed her that Wal-Mart still employs a "people greeter" who performs her duties in a wheelchair.

On July 15, 2003 Blair filed a complaint with the court, pursuant to Title VII, 42 U.S.C. § 2000(e) *et seq.*, alleging that Wal-Mart discriminated against her when it terminated her position because of her disability.

III. STANDARDS OF REVIEW [FN1]

> FN1. Because the plaintiff is a *pro se* litigant, the court has a special obligation to construe her complaint liberally. *Zilch v. Lucht,* 981 F.2d 694, 694 (3d Cir.1992) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

A. Rule 12(b)(1) Standard

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of a plaintiff's complaint. A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *Mortensen v. First Federal Savings and Loan,* 549 F.2d 884, 891 (3d Cir.1977). When reviewing a facial attack the court must consider the allegations of the complaint as true, making all reasonable inferences in the plaintiff's favor. *Id. See also Barrister v. Wendy's Int'l, Inc.,* 1993 WL 293896, *3 (E.D.Pa. July 30, 1993).

*2 When reviewing a factual attack, however, the court is free to weigh evidence outside the pleadings

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2004 WL 2283560 (D.Del.)
(Cite as: 2004 WL 2283560 (D.Del.))

Page 2

to resolve factual issues bearing on jurisdiction and to satisfy itself as to the existence of its power to hear the case. *Mortensen,* 549 F.2d at 891. Therefore, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself. *Id.* The plaintiff bears the burden to prove that jurisdiction does in fact exist. *Id.* However, the plaintiff's burden is relatively light, since "dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as to not involve a federal controversy." ' *Kulick v. Pocono Downs Racing Ass'n,* 816 F.2d 895, 899 (3d Cir.1987) (quoting *Oneida Indian Nation v. County of Oneida,* 414 U.S. 661, 666, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974)).

B. Rule 12(b)(6) Standard

In ruling on a motion to dismiss, the factual allegations of the complaint must be accepted as true. *See Graves v. Lowery,* 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). Moreover, a court must view all reasonable inferences that may be drawn from the complaint in the light most favorable to the non-moving party. *See Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969); *Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves,* 117 F.3d at 726; *Nami,* 82 F.3d at 65 (both citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

IV. DISCUSSION

A. Rule 12(b)(1) Motion to Dismiss

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In Re Corestates Trust Fee Litigation,* 837 F.Supp. 104, 105 (E.D.Pa.1993), *aff'd* 39 F.3d 61 (3d Cir.1994). Therefore, the court will first turn its attention to the 12(b)(1) motion to dismiss for lack of subject matter jurisdiction.

In its motion, Wal-Mart attacks Blair's complaint on facial grounds. Wal-Mart contends that Blair's complaint fails to aver any basis for jurisdiction because disability discrimination is not a cognizable claim under Title VII. While this is true, the court must construe Blair's complaint liberally because she is a *pro se* plaintiff. Blair's complaint was filed pursuant to Title VII, which creates a right of action for employment discrimination. However, disability is not a basis for a Title VII suit. Rather, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § § 12101 *et seq.,* is the proper avenue for a plaintiff to seek relief for disability discrimination.

*3 Regardless, Blair's complaint states that the alleged discriminatory acts in her suit concern "discrimination against the disabled." (D.I. 2 ¶ 10). The pleading standard under the Federal Rules of Civil Procedure is generally liberal, and even more so for *pro se* plaintiffs. Thus, the court finds that it is not unreasonable to conclude that Blair is attempting to assert a disability discrimination claim against Wal-Mart, even though she has asserted the claim under the wrong statute. Because Title VII is a federal statute, the court has federal question jurisdiction over the dispute. For these reasons, the court concludes that Wal-Mart's facial attack on the court's subject matter jurisdiction is without merit. The court will, therefore, decline to dismiss the complaint pursuant to Rule 12(b)(1).

B. Rule 12(b)(6) Motion to Dismiss

The standard governing a Rule 12(b)(6) motion to dismiss for failure to state a claim is not as constrained as the standard for a Rule 12(b)(1) motion. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991). A federal claim being reviewed under Rule 12(b)(6) does not have to be "wholly insubstantial" to be dismissed. *Id.* Rather, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves,* 117 F.3d at 726. Wal-Mart seeks to dismiss Blair's complaint for failure to state a claim for the following reasons: (1) Blair's disability discrimination claim is not actionable under Title VII; (2) Blair failed to exhaust her administrative remedies; and (3) Blair's disability discrimination claim is time-barred. Although Blair's complaint cannot be dismissed for lack of subject matter jurisdiction, it fails the 12(b)(6) test.

Title VII prohibits an employer from discriminating against any individual on the basis of "race, color,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2004 WL 2283560 (D.Del.)  
**(Cite as: 2004 WL 2283560 (D.Del.))**

Page 3

religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "Disability is not among the enumerated bases for a Title VII suit, and therefore a claim for disability discrimination brought under Title VII cannot survive." *Diep v. Southwark Metal Mfg. Co., No. 00-6136, 2001 WL 283146, at *2 (E.D.Pa. Mar.19, 2001)*; see also *Brennan v. Nat'l Tel. Directory Corp., 881 F.Supp. 986, 997 (E.D.Pa.1995)* (stating that "while Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin' ... it does not prohibit disability discrimination. Thus, such claims are not cognizable under Title VII."). The proper avenue for a disability discrimination suit is the ADA, which explicitly provides a legal remedy for discrimination on the basis of disability. *Diep, 2001 WL 283146, at *2* (citing U.S.C. § 12112(a)). Blair, however, has not filed a claim pursuant to the ADA. Instead, she has filed disability discrimination claim under Title VII. Because disability discrimination claims are not actionable under Title VII, Blair has failed to state a claim for which relief may be granted. The court, therefore, will grant Wal-Mart's motion to dismiss. [FN2]

> FN2. Since the court will grant Wal-Mart's motion to dismiss based on the ground that disability discriminations are not actionable under Title VII, the court need not consider Wal-Mart's other grounds for dismissal.

2004 WL 2283560 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 1:03CV00717  (Docket) (Jul. 15, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.