IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1469 (SLR) |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED MOTION TO AMEND

IT IS HEREBY STIPULATED, by and between the parties in the above-captioned matter, as follows:

1. The plaintiff may amend his complaint in the form attached hereto as Exhibit No. 1.

2. The defendant withdraws its motion to dismiss (Dk-17).

3. The defendant will file an answer to the amended complaint on or before October 1, 2005.

| | |
|---|---|
| ELZUFON, AUSTIN, REARDON TARLOV & MONDELL | ABER, GOLDLUST, BAKER & OVER |
| /s/ Matthew P. Donelson | /s/ Gary W. Aber |
| MATTHEW P. DONELSON, #4234 | GARY W. ABER, # 754 |
| 300 Delaware Avenue, Suite 1700 | 702 King Street, Suite 600 |
| P.O. Box 1630 | P.O. Box 1675 |
| Wilmington, DE 19899 | Wilmington, DE 19899 |
| (302) 428-3181 | (302) 472-4900 |
| Attorney for Defendant | Attorney for Plaintiff |

SO ORDERED, this _____ day of _____, 2005.

_____
The Honorable Sue L. Robinson

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1469 |
| | ) | |
| RICHARDS PAVING, INC., a Delaware Corporation | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

### THE PARTIES

1. The plaintiff, Stanford L. Burris (hereinafter referred to as "Burris"), is a resident of the State of Delaware, residing in New Castle County.

2. The defendant, Richards Paving, Inc., is a corporation organized and existing under the laws of the State of Delaware, whose agent for service of process is S.D.M. Robinson Corporate Agents, Inc., 910 Foulk Road, Suite 200, Wilmington, DE 19803.

3. At all times relevant, Richards Paving, continually did, and now has fifteen (15) or more employees for each working day of the twenty (20) or more calendar weeks in the current or preceding calendar year.

4. At all times relevant, Richards Paving, has continually been engaged in an industry affecting commerce, within the meeting of the ADA, §101(5), 42 U.S.C. §12111(5), and ADA, §107(a), 42 U.S.C. §11217(a), which incorporates by reference §701(g)-(h) of Title VII, 42 U.S.C. §§2000e(g)(h).

5. At all times relevant, Richards Paving, has been a covered entity under the ADA §101(2), 42 U.S.C. §12111(2).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the "Americans With Disabilities Act" claims pursuant to 28 U.S.C.§1331 and 28 U.S.C. §1343. This Court has jurisdiction over ancillary matters pursuant to 28 U.S.C. §1367.

7. This action is authorized and instituted pursuant to §107(a) of the "Americans With Disabilities Act" of 1990 ("ADA") (42 U.S.C. §12101 et. seq, which incorporates by reference §706(f)(1) & (3) of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C.§§2000e-5(f)(1)(3), and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C.§1981(a).

8. Venue for all causes of action stated herein lies in the District of Delaware, under 28 U.S.C.§1331, and the acts alleged as the basis for these actions took place within the boundaries of this district, although facts relevant to these proceedings may have also taken place in the State of Maine.

## PREREQUISITES

9. The plaintiff, Stanford Burris, has met the prerequisites for filing suit under the ADA. On May 9, 2003, Burris filed a charge "The Charge" simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission, alleging that he had been discriminated against in violation of Title I of the ADA. (A copy of that charge is attached hereto as Exhibit No. 1)

10. On April 30, 2004, the Delaware Department of Labor issued a "Notice of Reasonable Cause Finding", stating that there was reasonable cause to believe that there was a violation. (A copy is attached hereto as Exhibit No. 2)

11. On August 27, 2004, the Equal Employment Opportunity Commission issued a "Notice of Right to Sue" based upon the request of the plaintiff. (A copy of that notice is attached hereto as Exhibit No. 3).

12. The plaintiff has filed this suit within 90 days of the receipt of his "Notice of Right to Sue" having received such notice on or about August 30, 2004, and this suit having been originally filed on November 24, 2004.

## FACTUAL ALLEGATIONS

13. The plaintiff applied for a position as a truck driver with the defendant on or about April 3, 2003.

14. As a result of that application the plaintiff was interviewed by employees of the defendant.

15. On May 5, 2003, as a part of the process to apply for a position, the plaintiff was given a road test, which he passed.

16. After passing his road test, the defendant's employee representatives asked the plaintiff for a copy of his driving record.

17. On May 6, 2003, when the plaintiff delivered a copy of his driving record to the defendant, he was told he would not be hired, because of the defendant's perception that the plaintiff could not communicate with the offices of the defendant while operating the defendant's trucks, through the use of a CB radio or a cell phone.

18. At all relevant times the plaintiff would have been capable, with or without reasonable accommodation to perform the essential function of the position of truck driver.

19. The plaintiff was substantially limited in the major life function of breathing because of injuries to his larynx, which also prevents him from talking in a normal fashion.

20. Prior to applying for a position with the defendant, the plaintiff had previously been employed as a truck driver, and had been able to communicate with truck dispatchers through the use of a CB radio and/or cell phone.

21. As a direct and proximate result of the actions of the defendant in denying employment to the plaintiff, the plaintiff has suffered significant financial losses, including, but not limited an earned income.

22. As further and direct proximate result of the defendant's discriminatory conduct, the plaintiff has suffered severe emotional distress, humiliation, emotional pain and suffering, mental anguish and other non-pecuniary losses.

23. The actions of the defendant in failing to hire the plaintiff and/or to make necessary and reasonable accommodation for the plaintiff's disability, were in violation of the "Americans With Disabilities Act", 42 U.S.C. §12112(b)(5)(a).

24. The actions of the defendant in failing to hire the plaintiff were based upon the defendant's discrimination of the plaintiff, because the plaintiff has a disability, the plaintiff is was regarded as being disabled, and/or the plaintiff's record of having a disability, all of which were discriminatory in nature.

25. At all times herein the actions of the defendant have been committed in bad faith.

26. The defendant, by its actions, willfully, maliciously and intentionally with reckless indifference discriminated against the plaintiff in violation of the "Americans With Disabilities Act", 42 U.S.C. §11212, and in doing so is subject to punitive damages.

WHEREFORE, the plaintiff requests this Court to award the following:

a. Award both past lost wages and future lost wages, constituting such damages as the Court deems appropriate.

b. <u>Direct the defendant to pay plaintiff reasonable sums of money to compensate the plaintiff for his pain and suffering.</u>

c. <u>Direct the defendant to pay the plaintiff reasonable sums as punitive and exemplary damages.</u>

d. <u>Award the plaintiff his attorney fees, litigation expenses, and all reasonable Court costs.</u>

e. <u>Award injunctive and equitable relief in the form of an order directing the defendant to hire the plaintiff, as well as front pay.</u>

f. <u>Such other and further relief as this Court deems just and appropriate.</u>

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiff

DATED: September 7, 2005