IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1496 |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Pursuant to the provisions of Rule 37, Federal Rules of Civil Procedure, and ¶2(h) of this Court's Scheduling Order, dated November 16, 2005, the plaintiff's moves to request this Court to enter an order directing the defendant to respond to discovery. The basis of this motion is as follows:

1. This is an action that arises out of the "Americans With Disabilities Act", 42 U.S.C. §12101 et.seq. The plaintiff claims that he was either discriminated against because of his disability, or regarded as disabled. In this matter the plaintiff has a disability in the major life function of talking and speaking, in that his larynx was removed, and his voice is significantly altered.

2. On June 15, 2006, the plaintiff served upon the defendant, Plaintiff's Second Set of Interrogatories Directed to Defendant, and Plaintiff's First Request for Production of Documents Directed to Defendant.

3.    On July 24, 2006, thirty-nine (39) days after service of the above-referenced discovery, the defendant served its answers to that discovery.[1]

4.    The interrogatories which the plaintiff propounded to defendant sought, among other things, the number of persons employed by the defendant, their hourly wage, and hours worked. This information is necessary to the plaintiff, in order for the plaintiff to properly calculate his lost income.

5.    In the plaintiff's request for production, the plaintiff sought copies of all documents submitted to the Delaware Department of Labor, concerning the investigation of the complaint filed by the plaintiff in this matter. This information is relevant an necessary in order to demonstrate that during the discovery process, the defendant admitted that the plaintiff was denied a job at least in part, because of his disability in speaking, resulting from the removal of his larynx. (See Delaware Department of Labor Findings attached hereto as Exhibit No. 3).

6.    The information requested in the request for production, namely the materials provided to the Delaware Department of Labor is critical in order to discredit and prove pretext in this case. During sworn deposition testimony the witness provided by the defendant with regards to the testing of the plaintiff indicated a complete and absolute denial that any consideration was given to the plaintiff's inability to speak, and in fact, the plaintiff was not tested in any way for his ability to speak, or to be heard on radio, or other electronic communication devices. Such testimony is in complete variance with the decision by the

---

[1] The failure by the defendant to file responses to the interrogatories and requests for production within the 30 days required by Rule 33(b), Federal Rules of Civil Procedure, results in a waiver of any objections not being opposed within that 30 day period. Grider v. Keystone Health Plan Central, Inc., 2004 WL 902367 (E.D.Pa. 2004); Puricel v. Borough of Morrisville, 136 F.R.D. 393, 396 (E.D.Pa. 1991); Goldy v. Beal, 91 F.R.D., 451 (D.C.Pa 1981).

Case 1:04-cv-01469-SLR    Document 33    Filed 07/28/2006    Page 3 of 4

Delaware Department of Labor, and thus these documents are necessary to prove whether or not the defendant has admitted their discrimination.

WHEREFORE, the plaintiff requests this Court to enter an order directing the defendant to completely and fully answer the Interrogatories filed on June 15, 2006 and the Request for Production filed on June 15, 2006.

ABER, GOLDLUST, BAKER & OVER

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE 19899
(302) 472-4900
Attorney for Plaintiff

DATED: July 28, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANFORD L. BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 04-1496 |
| ) | |
| RICHARDS PAVING, INC. ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATION PURSUANT TO L.R. 7.1.1

The plaintiff's counsel, pursuant to L.R. 7.1.1 certifies that he attempted to resolve the discovery dispute between the parties by telephone communication with defendant's counsel on July 24, 2006.

                                                    ABER, GOLDLUST, BAKER & OVER

                                                    /s/ Gary W. Aber
                                                    GARY W. ABER (DSB #754)
                                                    702 King Street, Suite 600
                                                    P.O. Box 1675
                                                    Wilmington, DE  19899
                                                    (302) 472-4900
                                                    Attorney for Plaintiff

DATED: July 28, 2006