IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Stanford L. Burris | : | |
| Plaintiff, | : | |
| | : | Civ. No. 04-1469-SLR |
| v. | : | |
| Richards Paving, Inc. | : | |
| Defendant | : | |

**DEFENDANT RICHARDS PAVING, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

MATTHEW P. DONELSON, ESQUIRE
Del ID # 4243
ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant
Richards Paving, Inc

Dated: August 1, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... iii

NATURE AND STAGE OF THE PROCEEDINGS ...................................................................1

STATEMENT OF FACTS ..........................................................................................................2

LEGAL ARGUMENT..................................................................................................................3

    I.    PLAINTIFF HAS FAILED TO PROVE THAT HE IS DISABLED UNDER THE ADA ..................................................................................................3

    II.    RICHARDS PAVING DID NOT REGARD THE PLAINTIFF AS BEING DISABLED..........................................................................................................4

    III.    PLAINTIFF HAS FAILED TO PROVE THAT HE COULD PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB..........................................................5

    IV.    RICHARDS PAVING DID NOT FAIL TO ACCOMMODATE PLAINTIFF BECAUSE IT WAS NOT AWARE OF THE PLAINTIFF'S DISABILITY AND THE EMPLOYEE'S DESIRE FOR ACCOMMODATIONS FOR HIS ALLEGED DISABILITY ................................5

CONCLUSION.............................................................................................................................7

## TABLE OF AUTHORITIES

**CASES**                                                                                                              **PAGE**

Conneen v. MBNA, 182 F.Supp.2d. 370 (Del. D.2002)......................................................3, 5

Gaul v. Lucent Tech., 134 F.3d 576 (3rd Cir.1999) ...............................................................5

Mitchell v. Washingtonville Cent. School.Dist., 190 F.3d 1 (2nd Cir.1999).........................3

Nickola v. Storage Technology Corporation, 160 Fed.Appx. 658 (10th Cir. 2005) ..............4

Rhoads v. F.D.I.C., 257 F.3d 373 (4th Cir.2001).....................................................................3

Steele v. Thiokol Corp., 241 F.3d 1248 (10th Cir. 2001).........................................................4

Sutton v. United Airlines, 527 U.S. 471 (1999) ......................................................................4

Taylor v. Phoenixville School District, 184 F.3d 296 (3rd Cir.1999) ....................................5

Toyota Motor Mfg., Ky., Inc., v. Williams, 534 U.S. 184 (2002).........................................4


**Other Authorities**

Federal Rules of Civil Procedure 56....................................................................................1, 3

42 U.S.C. §12112(b)(5)(a) ...................................................................................................1, 3

42 U.S.C. §12102(2) .............................................................................................................1, 3

## **NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff has filed the instant action against Richards Paving, Inc., (hereafter "Richards Paving"), based on an alleged violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12112(b)(5)(a), (hereafter the ADA). Plaintiff filed an amended complaint on September 7, 2005, alleging violation of 42 U.S.C. §12112(b)(5)(a).

This is Richards Paving's motion for summary judgment pursuant to Rule 56.

## STATEMENT OF FACTS

On or about April 3, 2003, Stanford L. Burris (hereafter "plaintiff") applied for a position as a truck driver with Richards Paving. At this point, it becomes confusing as to when plaintiff interviewed for the position. During his deposition, plaintiff testified that he was interviewed the same day as he applied for the position. (Exhibit A, pg.12, ln 24 – pg. 13, ln 1). However, plaintiff's amended complaint states that the interview took place nearly a month later on or about May 5, 2003. (Exhibit B). Mr. Dave Moluski of Richards Paving, interviewed the plaintiff. During the interview process, Mr. Moluski took plaintiff for a driving test. During the driving test, plaintiff had trouble shifting the gears and had to stop the truck a couple of times because he could not figure out the gear pattern. (Exhibit C, pg. 13, ln 17 – pg 14, ln 2). Due to the nature of the job that plaintiff was applying for, shifting the gears was a major part of the job requirements since replacing a clutch on the truck would cost nearly $25,000. (Exhibit C, pg. 15, ln3- pg. 16, ln. 16). It is undisputed that at no time during the driving test, was plaintiff asked to speak on the CB radio. (Exhibit A, pg. 24, ln7-12). In fact, there was no CB radio in the truck, so plaintiff could not talk on one. (Exhibit A, pg. 28, ln. 18-23). It was only after the interview had ended and plaintiff was informed that he would not be hired for the position, did plaintiff volunteer to use his cell phone or electronic voice box because he desperately needed a job. (Exhibit A, pg. 26, ln15-24). After the interview was concluded, Mr. Moluski never met with or spoke to plaintiff again. (Exhibit C, pg. 36, ln.6). Likewise, as plaintiff states, Mr. Moluski never asked him to speak on the radio or the cell phone. (Exhibit C, pg. 36, ln 18-20).

## LEGAL ARGUMENT

Under Rule 56 of the Federal Rules of Civil Procedure, the Court must enter summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact ant that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Plaintiff's amended complaint alleges that Richards failed to hire him because of his alleged disability in violation of 42 U.S.C. §12112(b)(5)(a). Under this provision, discrimination includes:

> "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . ."

To prove a prima facie failure to accommodate case under the ADA, a plaintiff must set forth:

> "(1) he is an individual with a disability under the ADA; (2) he can perform the essential functions of his position with accommodation; (3) his employer had notice of his alleged disability; and (4) the employer failed to accommodate him. Conneen v. MBNA, 182 F.Supp.2d 370, 376 (Del. D. 2002); Rhoads v. F.D.I.C. 257 F.3d 373, 387 n. 11 (4th Cir.2001); Mitchell v. Washingtonville Cent. School Dist., 190 F.3d 1, 6 (2nd Cir. 1999).

If plaintiff fails to prove any one of the elements, his claim must fail. Conneen at 376. In the present case, plaintiff cannot make out a prima facie case for failure to accommodate because he cannot prove either of the first two prongs of the test.

### I.   PLAINTIFF HAS FAILED TO PROVE THAT HE IS DISABLED UNDER THE ADA

Plaintiff can not prove that he is an individual with a disability under the ADA. Under the ADA, a disability is defined as: "(A) a physical . . . impairment that substantially limits one or more of the major life functions . . . (B) a record of such impairment; or (C) being regarded as having such an impairment". 42 U.S.C. §12102(2). "Merely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the

3

impairment limits a major life activity." Toyota Motor Mfg., Ky., Inc., v. Williams, 534 U.S. 184, 122 S.Ct. 681,690 (2002); Nickola v. Storage Technology Corporation, 160 Fed.Appx. 658, 660-661 (10th Cir. 2005). In the instant case, plaintiff can not demonstrate that the impairment limits a major life activity. There are no medical records or other evidence in the record to demonstrate that plaintiff's impairment substantially limits any of his major life functions. Furthermore, through plaintiff's own admission, his impairment does not limit the major life function of working, as plaintiff does not perceive himself as being disabled when it comes to working. (Exhibit A, pg. 20, ln 21-24). The only activity that he claims he can no longer perform is swimming. Likewise, other than his soft voice, for which he does not use any electronic aids, plaintiff does not have any other problems stemming from his larynx. (Exhibit A, pg. 34, ln 2-4). Finally, plaintiff's larynx does not limit his major life function of breathing unless he is around chemicals or smoke. (Exhibit A, pg. 39, ln7-10).

It is clear from plaintiff's own testimony, he does not perceive himself as being disabled.

## II. RICHARDS PAVING DID NOT REGARD PLAINTIFF AS BEING DISABLED

Plaintiff may argue that Richards Paving perceived him as being disabled. Under the case law, there are two ways in which plaintiffs may fall under this provision:

> "(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999).

Plaintiff must prove that Richards Paving perceived plaintiff as having an impairment that substantially limited one or more of his major life functions. Federal Courts have asserted:

> "[I]n order to establish a disability under the 'regarded as' prong of the ADA with respect to the major life activity of working, an individual must show that the employer regarded him or her as being substantially limited in performing either a class of jobs or a broad range of jobs in various classes." Nickola at 661. (citing Steele v. Thiokol Corp., 241 F.3d 1248, 1256 (10th Cir. 2001).

In the present case, plaintiff can not meet his burden of proving that Richards Paving regarded him as being substantially limited in performing a broad range of jobs. In fact, Mr. Moluski testified at his deposition that he did not have any trouble understanding plaintiff. (Exhibit C, pg. 28, ln 20-21). Thus, based on the testimony, Mr. Moluski did not perceive plaintiff as having any difficulty with plaintiff's life activity of talking since he testified that he did not have any problems understanding him.

### III. PLAINTIFF HAS FAILED TO PROVE THAT HE COULD PERFORM THE ESSENTIAL FUNCTIONS OF THE JOB

Plaintiff has failed to prove that he could perform the essential functions of the job. It is undisputed that plaintiff applied for the position of truck driver. The Third Circuit Court has stated that an, "individual must be able to perform the essential functions of the job at the time of the employment decision." Gaul v. Lucent Tech., 134 F.3d 576, 580 (3d. Cir. 1998). It is also undisputed that at no time during the interview, did Mr. Moluski ask plaintiff to communicate over the CB radio nor is it disputed that plaintiff was given a "radio test". Rather, according to Dave Moluski, plaintiff failed his driving test because he could not shift the gears of the truck he was using. As a truck driver, shifting gears on a $130,000 truck is essential to that position. Unfortunately for plaintiff, he could not perform the essential functions of a truck driver and that was the sole reason for why he was not hired.

### IV. RICHARDS PAVING DID NOT FAIL TO ACCOMMODATE PLAINTIFF BECAUSE IT WAS NOT AWARE OF THE PLAINTIFF'S DISABILITY AND THE EMPLOYEE'S DESIRE FOR ACCOMODATIONS FOR THE DISABILITY

This honorable Court has held, "Employees must notify their employers of their disability . . . " Conneen at 377. (citing Taylor v. Phoenixville School District, 184 F.3d 296, 313 (3d Cir. 1999). "In other words, the employer must know of both the disability *and* the employee's desire for accommodation." Id. Plaintiff claims he could have used a cell phone as an

accommodation. This argument is a bit disingenuous since plaintiff has not used his electronic voice box since his surgery in 1991. (Exhibit A, pg. 19, ln 8-9). Furthermore, his speech therapist "suggested his voice was clearing up" and his doctor, "told me that he didn't think I'd have to use it". (Exhibit A, pg. 16, ln10-14).

Finally, Richards Paving should not be penalized for a situation that the plaintiff created. It is undisputed that plaintiff never took a radio test during his interview with Richards Paving. It was not until plaintiff was informed that he would not be hired, that he began begging for a job and "volunteered" to take a radio test or to use his cell phone. At no time prior to being informed that he was not being hired, did the issue of his voice even come up in conversation. If this Court permits plaintiff's cause of action to proceed, it will be rewarding plaintiff for creating an issue which was not present at the time he was not hired for the position.

[THIS SECTION LEFT INTENTIONALLY BLANK]

## CONCLUSION

Under the case law, in order for the Court to grant a motion for summary judgment under the ADA, a moving party need only show that plaintiff has failed to meet one of the elements necessary to prove a prima facie case of discrimination under the ADA. In this case, Richards Paving has demonstrated that plaintiff can not meet at least one of the elements necessary to survive a motion for summary judgment. For the reasons stated above, Richards Paving respectfully requests that its Motion for Summary Judgment be granted and that Plaintiff's claims against Richards Paving be dismissed.

                              **ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.**

                              /s/ Matthew P. Donelson
                              Matthew P. Donelson, Esquire
                              Del ID # 4243
                              300 Delaware Avenue, Suite 1700
                              P.O. Box 1630
                              Wilmington, DE 19899-1630
                              (302) 428-3181
                              Attorney for Defendant
                              Richards Paving, Inc.

DATED: August 1, 2006