

STATE OF DELAWARE
DEPARTMENT OF LABOR
DIVISION OF INDUSTRIAL AFFAIRS
4425 NORTH MARKET STREET
WILMINGTON, DELAWARE 19802

TELEPHONE (302) 761-820(
FAX (302) 761-660

## NOTICE OF REASONABLE CAUSE FINDING

RE:  Burris v. Richards Paving Inc.                    State Case No.: 03061071

On May 9, 2003, Mr. Stanford Burris filed a Charge of Discrimination against Richards Paving, Inc. The Charge of Discrimination is hereby incorporated by reference.

Reasonable Cause Finding:

On April 30, 2004, the Department of Labor concluded its investigation and now finds, based on the following facts, that there is reasonable cause to believe that a violation of the State Discrimination Act has occurred.

I.  Undisputed Facts:
   1. Charging Party applied for a Truck Driver position with Respondent on or about 04/03/03.
   2. Respondent had an interview with Charging Party where the interviewer and Charging Party attempted to communicate using both a CB radio and a cell phone in an attempt to find a reasonable accommodation to Charging Party's disability.
   3. Respondent did not hire Charging Party for this position.

II.  Disputed Facts:
   1. Charging Party states that the representative of Respondent stated Charging Party was not being hired because of his voice. Respondent further stated that Charging Party could not be heard over the CB radio and therefore could not be hired as a Truck Driver.
   2. Respondent claims that attempts were made at the interview to communicate with Charging Party over the CB radio and cell phone and were unsuccessful.
   3. Respondent states that there were no accommodations that could have been made for Charging Party and of those accommodations, which could have been a possibility, they would have caused Respondent an undue hardship.

III.  Resolution of Material Facts in Dispute:
   1. Charging Party has currently been employed by a trucking company for a period of 6 months where he used and communicated with a CB radio successfully.

2. Respondent was unable to demonstrate that there are no accommodations that could have been made.
3. Respondent failed to provide evidence that the reasonable accommodations that could have been utilized would have caused an undue hardship.
4. Respondent corroborated that in their business there is a limited amount of deliveries of their products that are delivered without complications and that these deliveries could be delivered by Charging Party.

IV. Resolution:

1. Charging Party met his burden of showing that he was discriminated against based on his disability.

The Charge of Discrimination, State Case No. 03061071 will be administratively processed and assigned to a conciliation officer in an effort to administratively resolve the complaint pursuant to 19 *Del. C.* Section 712(c).

9/30/04
DATE

MELINDA SHELTON
INVESTIGATOR
LABOR LAW ENFORCEMENT OFFICER

4/30/04
DATE

JULIE CUTLER
LABOR LAW ENFORCEMENT SUPERVISOR