IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Stanford L. Burris          :
                            :
    Plaintiff,              :
                            :   Civ. No. 04-1469-SLR
v.                          :
                            :
Richards Paving, Inc.       :
                            :
    Defendant               :

**DEFENDANT RICHARDS PAVING, INC.,'S
MOTION IN LIMINE TO PRECLUDE THE TESTIMONY AND
INTRODUCTION OF THE DELAWARE DEPARTMENT OF LABOR'S
NOTICE OF REASONABLE CAUSE FINDING**

Defendant Richards Paving, Inc., (hereafter referred to as "Richards Paving") hereby moves this Court to enter an order granting its Motion in Limine to Preclude the testimony and introduction of the Delaware Department of Labor's Notice of Reasonable Cause Finding.

1. On or about, April 30, 2004, the Delaware Department of Labor (hereafter the DDOL) issued a Notice of Reasonable Cause Finding and Right to Sue Letter to plaintiff.

2. It is anticipated that plaintiff will attempt to elicit testimony about the Notice of Reasonable Cause Finding and Right to Sue letter, or alternatively, he will attempt to introduce the documents as evidence.

3. Under the Federal Rules of Evidence (hereafter F.R.E.), rule 403, relevant evidence may be excluded if its probative value, substantially outweighs the danger of unfair prejudice, confusion of the issues or misleading the jury.

4. As the District Court for the Northern District of Iowa stated, "The Court must 'ensure that unfair prejudice does not result from a conclusion based on cursory EEOC review of the very facts examined in depth at trial.'" <u>Phan v. Trinity Regional Hospital</u>, 3. F.Supp.2d 1014, 1017 (N.D. Iowa 1998), (citing <u>Estes v. Dick Smith Ford, Inc.</u>, 856 F.2d 1097, 1105 (8th Cir. 1998).

5. In this particular case, any testimony or introduction of the DDOL's Notice of Reasonable Cause Finding and Right to Sue letter is highly prejudicial to the defendant.

6. The fact that the DDOL determined that their was reasonable cause to believe that a violation had occurred should not be admissible in this case because it would raise a negative inference to the jury that plaintiff's claims against Richards Paving must be correct if the DDOL, determined that their was reasonable cause to believe a violation had occurred.

7. .In <u>Naeem v. McKesson Drug Company</u>, 2001 WL 1141803 (N.D. Ill.) (Exhibit A), the district court for the Northern District of Illinois precluded defendant form introducing the EEOC's Dismissal/Right to Sue letter. In <u>Naeem</u>, the EEOC dismissed plaintiff's claim. The plaintiff filed a motion in limine to preclude the introduction of the Right to Sue letter. The court granted the motion in limine because the introduction of the Right to Sue letter would be very prejudicial to the plaintiff.

8. Similarly, in this case, the introduction of the Notice of Reasonable Cause Finding would be severely prejudicial to Richards Paving.

**WHEREFORE**, for the reasons stated above, Richards Paving respectfully requests that this Court grant defendant's Motion in Limine.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

_____
Matthew P. Donelson, ID #4243
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant
Richards Paving, Inc.

Dated: October 30, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stanford L. Burris | : |
| | : |
|     Plaintiff, | : |
| | : Civ. No. 04-1469-SLR |
| v. | : |
| | : |
| Richards Paving, Inc. | : |
| | : |
|     Defendant | : |

## ORDER

AND NOW, this _____ day of _____, 2006, it is ORDERED that Defendant Richards Paving, Inc., s' Motion in Limine to preclude the testimony or introduction of plaintiff's Notice of Reasonable Cause Finding and Right to Sue letter is hereby GRANTED.

**IT IS SO ORDERED**

_____
J.