IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANFORD L. BURRIS,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        C.A. No.: 04-1469 (SLR)
                                       )
RICHARDS PAVING, INC.                  )
                                       )
            Defendant.                 )


**THE PARTIES JOINT PROPOSED PRETRIAL STIPULATION**

1.      **Statement of the Nature of the Action:**

**Plaintiff**:        This action is brought by Stanford Burris against the defendant Richards Paving, alleging that the defendant failed to hire the plaintiff, when he applied for a position as a construction truck driver.  The plaintiff maintains that the defendant, Richards Paving, either discriminated against him for not hiring him because he was disabled, or in the alternative regarded him as disabled, and would not hire, both or either are in violation of the provisions of the "Americans With Disabilities Act", 42 U.S.C. §12101et.seq.

**Defendant**:  This is an action against defendant Richards Paving based in part on plaintiff's allegation that Richards Paving allegedly discriminated against him in violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(b)(5)(a).

2.      **Basis of Jurisdiction**:  This Court has jurisdiction over claims brought pursuant to the "Americans With Disabilities Act", 42 U.S.C. §12101et.seq, pursuant to 28 U.S.C. §1331 as well as 28 U.S.C. §1343.  Venue in this matter is appropriate in that it lies within the State of

Delaware, under 28, <u>U.S.C.</u> §1331 since all the acts alleged as a basis for the claims took place within the District of Delaware.

    3.    **Admitted Facts**:

**By Plaintiff:**

        (a)    The plaintiff applied for a position with the defendant as a truck driver on April 3, 2003.

        (b)    Plaintiff interviewed for a position of a truck driver on May 3, 2003. (Defendant's Answers to Plaintiff's Interrogatories, No. 11)

        (c)    Defendant has no knowledge as to whether the plaintiff was given a driving test on May 5, 2003 or whether he passed such test (Answer ¶15).

**By Defendant**:

        None.


    4.    **Facts that Remain to be Litigated**:

**By Plaintiff:**

        (a)    Whether the plaintiff was substantially limited in the major life function of talking, speaking, and using electronic communication devices.

        (b)    Whether the defendant regarded the plaintiff as disabled.

        (c)    The nature of and amount of mental pain and suffering of the plaintiff by being denied employment.

        (d)    The amount of income lost by the plaintiff.

**By Defendant:**

        1.    Whether Plaintiff was qualified for the position he applied for?

2.    Whether Plaintiff passed his driving exam?

3.    Whether Plaintiff has proven by a preponderance of the evidence that Richards Paving violated the provisions of the Americans with Disabilities Act that is alleged in his complaint?

4.    Whether plaintiff failed to mitigate his damages?

5.    Whether plaintiff was given a "radio test" as part of the interview process.

6.    Whether Richards Paving acted in a manner that justifies the imposition of punitive damages?

7.    The nature and extent of Plaintiffs' damages under the applicable Delaware law.

8.    The nature and extent of any damages alleged by Plaintiffs, including economic damages.

9.    Whether plaintiff has proven any wage loss claim, absent expert testimony?

5.    **Issues of Law Which Remain to Be Litigated**:

**Plaintiff:**

Whether the defendant can argue that the plaintiff failed to mitigate his damages. Where the defendant has failed to identify, submit, or proffer any evidence in support of its burden of proving its affirmative defenses of failure to mitigate damages, it is not entitled to argue the plaintiff failed to mitigate his damages. Robson v. Southeastern P.A. Transportation Authority, Red Arrow Div., 982 F.2d 892, 897 (3d Cir. 1993); Anastasio v. Shearing Corp., 838 F.2d 703, 707-708 (3d Cir. 1988); Atlantic Limousine, Inc. v. NLRB, 246 F.3d 711, 721 (3d Cir. 2001); Broadnax v. City of New Haven, 515 F.3d 285 (2d Cir. 2005); Leidel v. Ameripride Serv. Inc., 276 F.Supp.2d 1138 (D.Kan. 2003); Gallo v. John Powell Chevrolet, Inc., 779 F.Supp. 804 (N.D.P.A. 1991).

**Defendant**:

1.     Motions in Limine as filed.

   a) To preclude any testimony and the introduction of any documents relating to the Delaware Department of Labor's Notice of Reasonable Cause Finding and issuance of Right to Sue Letter.

   b)  To preclude lay witnesses from offering testimony about plaintiff's lost wage claim.

   c)  To preclude plaintiff from testifying that he is actually disabled under the Americans with Disabilities Act.

2.     Referring to, or eliciting testimony from any witness that any actions taken or not taken by Richards Paving were motivated by a desire to increase its profits, profit margin or the like in preference to the safety or well being of Plaintiff.

3.     Whether Richards Paving violated the Americans with Disabilities Act by not hiring plaintiff.


6.     **Plaintiff's Exhibits:**

PX-1          Plaintiff's Delaware Driving Record

PX-2          Photographs of Plaintiff's Vehicle

PX-3          Plaintiff's Delaware Driver's License

PX-4          Plaintiff's Driving Certifications

PX-5          DDOL Decision: April 30, 2004

   Plaintiff reserves the right to introduce portions of Defendant's Answers to Interrogatories, as well as nay exhibits identified by the defendant.

   **Defendant's Exhibits**

   Richards Paving may introduce the Answers to Interrogatories and request for production of documents filed by plaintiff.

   Richards Paving intends to use part or all of the deposition transcripts and attached exhibits, for each and every witness that was deposed in this case. Plaintiff objects.  (While the deposition may be read to the jury, it may not be offered into evidence)(Rule 32, F.R.C.P.)

Richards Paving reserves all objections to Plaintiffs' exhibits.

Richards Paving respectfully reserves the right to modify and/or supplement this list of trial witnesses and exhibits.

Plaintiff reserves the right to offer into evidence any exhibit identified by defendant.

7.     **Witnesses**

**Plaintiff**

Plaintiff

David Moluski

Jeff Thompson (By Deposition if Necessary)

**Defendant**:

Mr. Dave Moluski –   Richards Paving Inc.
                     9 Bellecor Drive
                     New Castle, DE 19720

Mr. Jeff Thompson -  Richards Paving Inc.
                     9 Bellecor Drive
                     New Castle, DE 19720

8.     **Plaintiff's  Statement of Proof**:     The plaintiff expects to prove that he was a qualified individual who either had a disability or was regarded as disabled by the defendant. Plaintiff further expects to prove that the defendant discriminated against the plaintiff by refusing to hire him, because of his disability and/or perceived disability of the inability to speak clearly and be understood, as well as difficulty in hearing and being understood using electronic communication devices.   As a result of the discrimination of the defendant in failing to hire the

plaintiff, the plaintiff has suffered lost wages from April 5, 2003 up until being re-employed in 2005.

9.      **Defendant's Statement of Proof**:

Richards Paving expects to prove that Plaintiff was not discriminated against when he was not hired for the position of truck driver.  Moreover, the reason plaintiff was not hired was because he failed his driving test, the essential function of the position. There is no sufficient factual or legal basis for punitive damages.

10.     **Claims or Crossclaims**:      None

11.     **Amendments**:None

12.     **Other Matters:**

**Plaintiff:**

**The plaintiff estimates the trial should take one to two days.**

**Defendant:**

1.      Richards Paving requests that the punitive damages portion of the trial, to the extent that it is applicable, be bifurcated.

2.      Plaintiff's witness schedule should be provided one week before trial. Any amendments should be promptly made as needed.

3.      Voir-dire procedure:  Defendant requests 12 jurors with 4 alternates.

4.      All rulings and objections to be made at the pre-trial conference in this matter are incorporated herein by reference.

5.      Defendant believes this trial will take 1 week.

13.    **Certification of Good Faith to Explore Resolution of Controversy By Settlement**:

**Plaintiff:**

The parties have discussed attempts to settle this matter, which have been unsuccessful.

**Defendant**:

All parties are actively engaged in good faith settlement negotiations.


/s/ Gary W. Aber_____           \_\_\_\_/s/Matthew P. Donelson_____
Gary W. Aber (#754)                         Matthew P. Donelson (#4243)
Aber Goldlust Baker & Over                 Elzufon Austin Reardon Tarlov & Mondell
702 King Street, Suite 600                 300 Delaware Avenue, Suite 1700
PO Box 1675                                PO Box 1630
Wilmington, DE 19899                       Wilmington, DE 19899
(302) 472-4900                             (302) 428-3181
Attorney for Plaintiff Stanford Burris     Attorney for Defendant Richards Paving


SO ORDERED, this day _____ of _____, 2006.


_____
The Honorable Sue L. Robinson