BURRIS
v.
RICHARDS PAVING, INC.
<u>Civil Action No. 04-1469-SLR</u>

**PRELIMINARY JURY INSTRUCTIONS**

**Members of the Jury:**

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case.

**The Parties**

This is a disability discrimination action. The plaintiff is Stanford L. Burris. The defendant is Richards Paving, Inc. Plaintiff contends that defendant refused to hire him because his speech is impaired. Defendant denies the allegations.

**Duty of Jury**

It will be your duty to find what the facts are from the evidence as presented at the trial. You, and you alone, are the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

**Evidence**

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence. In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1. Statements, arguments, and questions by lawyers are not evidence. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the question or other

item of evidence. If I overrule an objection and allow the matter in evidence, you should consider the testimony or other item of evidence as you would any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider the evidence for that purpose only. I will instruct you further during the trial if this happens.

2. Anything you see or hear outside the courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the courtroom.

In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.

**Burden of Proof**

This is a civil case. Plaintiff has the burden of proving his claims by what is called a preponderance of the evidence. That means that plaintiff has to produce evidence which, when considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence concerning this topic on the opposite sides of a scale, the evidence supporting the plaintiff's claims would have to make the scales tip somewhat on his side.

3

**Summary of the Issues**

In this case, you must decide whether defendant regarded plaintiff as disabled under the Americans with Disabilities Act (or the "ADA"), and whether plaintiff's voice was a determinative factor in defendant's decision not to hire him. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that plaintiff must prove to make his case.

**ADA Language**

Under the ADA, an employer may not deprive a person with a disability of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job. Terms such as "disability" and "qualified individual" are defined by the ADA and I shall instruct you on the meaning of those terms at the end of the case.

To prevail on his claim, plaintiff must prove all of the following by a preponderance of the evidence:

First: Defendant perceived or regarded plaintiff as being disabled.

Second: Plaintiff is a "qualified individual" able to perform the essential functions of driving a truck.

Third: Plaintiff's perceived disability was a determinative factor in defendant's decision not to hire plaintiff.

Defendant denies plaintiff's claim. Defendant likewise claims that plaintiff was not a "qualified individual" under the meaning of the ADA.

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, bring it to my attention promptly.

Second, do not read or listen to anything touching on this case that is not admitted into evidence. By that I mean, if there may be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Third, do not reach any conclusion as to the issues presented until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Although the proceedings during trial will be transcribed by court reporters, it is not the practice of this Court to make the trial transcripts available to jurors. You must rely on your own recollection of what testimony was presented and how credible that testimony was.

If you wish, you may take notes in the binders we have provided. The binders will be collected each time you leave the

courtroom. Keep in mind that your notes are for your own personal use – they are not to be given or read to anyone else. Finally, please wear your juror identification tags everyday, so that the parties can avoid engaging you in conversation, thereby bringing your impartiality into question.

**Course of the Trial**

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove and is presented to help you follow the evidence as it is offered.

After the opening statements, plaintiff will present his witnesses, and defendant may cross-examine them. Defendant will then present its witnesses, and plaintiff may cross-examine them.

After all of the evidence is presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

You should generally expect that we will start the trial each morning at 9:30 a.m. and finish at 4:30 p.m., with two 15-minute breaks (morning and afternoon), and one half-hour break for lunch. As I said earlier, I time my civil trials, meaning

that each party is given a certain number of hours in which to present its evidence.  This assures that trials will be completed on a predictable basis.  This system can only work, however, if you, as jurors, report to the courtroom on a punctual basis as well.