CHARGE TO THE JURY


BURRIS

v.

RICHARDS PAVING, INC.


Civil Action No. 04-1469-SLR


Robinson, C. J.
December 5, 2006

## GENERAL INSTRUCTIONS

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence. I will explain the positions of the parties and the law you will apply in this case. Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

You will have a written copy of these instructions with you in the jury room for your reference during your deliberations. You will also have a verdict form, which will list the interrogatories, or questions, that you must answer to decide this case.

## JURORS' DUTIES

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide under the appropriate burden of proof which party should prevail on each of the issues presented.  It is my job to instruct you about the law.  You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

**BURDENS OF PROOF**

This is a civil case in which plaintiff is charging defendant with discrimination under the Americans with Disabilities Act, or the "ADA." Plaintiff has the burden of proving such discrimination by a preponderance of the evidence. That means that plaintiff has to produce evidence which, when considered in light of all of the facts, leads you to believe that what plaintiff asserts is more likely true than not. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of a scale, the evidence supporting plaintiff's assertions would have to make the scales tip somewhat to his side.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in the courtroom. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way. The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and any facts that the parties agreed to by stipulation.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. None of my comments or questions are evidence. The notes taken by any juror are not evidence.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked or I may have struck things from the record. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

4

Make your decision based only on the evidence, as I have
defined it here, and nothing else.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of any eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he or she saw it raining outside, and you believed him or her, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence.
Consider it in light of your everyday experience with people and
events, and give it whatever weight you believe it deserves.    If
your experience tells you that certain evidence reasonably leads
to a conclusion, you are free to reach that conclusion.

## CREDIBILITY OF WITNESSES

You, the jurors, are the sole judges of the credibility, or the believability, of the witnesses you have seen during the trial and the weight their testimony deserves.

You should carefully scrutinize all of the testimony each witness has given and every matter of evidence which tends to show whether he or she is worthy of belief. Consider each witness's intelligence, motive, and state of mind, as well as his or her demeanor while testifying. Consider the witness's ability to observe the matters to which he or she has testified and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict, the interest any witness may have in the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Discrepancies in the testimony of different witnesses may, or may not, cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. Likewise, the testimony of a witness may be discredited or impeached by showing that the witness has made an incorrect statement or has given a prior statement or testimony which is inconsistent with his or her testimony at this trial.

8

It is the province of the jury to determine whether an incorrect
statement or prior inconsistent statement discredits the
witness's testimony.

But bear in mind that an innocent misrecollection, like
failure of recollection, is not an uncommon experience.   In
weighing the effect of a discrepancy, always consider whether it
pertains to a matter of importance or to an unimportant detail,
and whether the discrepancy results from innocent error or
intentional falsehood.

## DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you through depositions that were read into evidence or played on videotape.  This testimony is entitled to the same consideration you would give it had the witness personally appeared in court. Like the testimony of a live witness, the statements made in a deposition are made under oath and are considered evidence that may be used to prove particular facts.

## SPOILATION OF EVIDENCE

There was testimony in this case concerning a letter written by Jeffrey Thompson for defendant, Richards Paving, Inc., directed to the Delaware Department of Labor in response to a Charge of Discrimination made by plaintiff. A copy of that letter cannot be produced by the defendant.

If you find that there is an unexplained failure or refusal of defendant to produce a copy of that letter, you may infer that the failure or inability to produce a copy of that letter means that it would have been unfavorable to the defense.

In order for you to make such an inference, you must conclude that the letter was within the possession or control of defendant, and that there was actual suppression or withholding of the letter by defendant. If, however, you find the letter was lost or accidentally destroyed, there can be no negative inference towards defendant.

If you find that defendant, contrary to its own document retention policy, destroyed the letter, then there is a presumption or inference that the destruction of the document was intentional and was done with a desire to suppress the truth.

11

## THE PARTIES

The plaintiff is Stanford Burris, whom I shall refer to as "plaintiff."

The defendant is Richards Paving, Inc., which I will refer to as "defendant."

## PLAINTIFF'S CONTENTIONS

In 2003, plaintiff applied for a truck driving job with
defendant.  Defendant did not hire plaintiff for that job.
Plaintiff contends that defendant did not hire him because it
regarded him as disabled, a violation of the Americans with
Disabilities Act, or the "ADA."

13

**DEFENDANT'S CONTENTIONS**

Defendant denies that it regarded plaintiff as disabled and contends that it did not hire plaintiff because he could not properly shift gears on a truck.

**SUMMARY OF ISSUES**

In this case, you must decide several issues according to the instructions that I shall give you, that is, whether plaintiff has proven, by a preponderance of the evidence, that defendant regarded him as disabled; that this perceived disability was the determinative factor in defendant's decision not to hire plaintiff; and whether plaintiff was a "qualified individual" under the meaning of the ADA.

## AMERICANS WITH DISABILITIES ACT

Under the ADA, an employer may not deprive a person with a disability, or with a perceived disability, of an employment opportunity because of that disability, if that person is able, with reasonable accommodation if necessary, to perform the essential functions of the job.

As you listen to these instructions, please keep in mind that many of the terms I will use, and that you will need to apply, such as "disability" and "qualified individual," have a special meaning under the ADA. So please remember to consider the specific definitions I give you, rather than using your own opinion of what these terms mean.

In this case plaintiff is alleging that defendant refused to hire him because it regarded plaintiff's voice as a disability. In order for plaintiff to recover on this discrimination claim against defendant, plaintiff must prove that defendant intentionally discriminated against plaintiff.

To prevail on this claim, plaintiff must prove all of the following by a preponderance of the evidence:

First:  Defendant perceived or regarded plaintiff as being disabled.

Second:  Plaintiff is a "qualified individual" able to perform the essential functions of driving a truck.

16

Third:  Plaintiff's perceived disability was a determinative factor in defendant's decision not to hire him.  "Determinative factor" means that, if not for defendant's perception of plaintiff's voice, plaintiff would have been offered a job.

## "DISABILITY"

Under the ADA, the term "disability" means a physical
impairment that "substantially limits" a "major life activity."
The Court has already determined that plaintiff has a physical
impairment that does not substantially limit him in the major
life activity of speaking.  Therefore, he is not actually
disabled.

The ADA's definition of "disability," however, includes not
only those persons who are actually disabled, but also those who
are "regarded as" having a disability by an employer.  The reason
for this inclusion is to protect employees from being stereotyped
by employers as unable to perform certain activities when, in
fact, they are able to do so.  Plaintiff is "regarded as"
disabled within the meaning of the ADA if he proves that his
impairment, which does not substantially limit his ability to
speak, was treated by defendant as an impairment that did so
limit his ability to speak.

18

## "QUALIFIED INDIVIDUAL"

Under the ADA, plaintiff must establish that he was a "qualified individual."  This means that plaintiff must show that he had the skill, experience, education, and other requirements for driving trucks and could do the job's "essential functions."

In this case, plaintiff claims that he was able to perform the essential functions of truck driving.  Defendant contends that plaintiff was unable to shift gears and that this function was essential to driving trucks.  It is plaintiff's burden to prove by a preponderance of the evidence that he was able to perform the essential functions of a truck driver.  If plaintiff could not shift gears properly, then it is plaintiff's burden to show that gear shifting was not essential to driving trucks.

In determining whether plaintiff could perform the essential functions of truck driving, you should keep in mind that not all job functions are "essential."  The term "essential functions" does not include the marginal functions of the position.  Essential functions are a job's fundamental duties.

In assessing whether plaintiff was qualified to perform the essential functions of truck driving, you should consider plaintiff's abilities as they existed at the time defendant declined to hire him.

19

**INTENT**

Although plaintiff must prove that defendant acted with the intent to discriminate on the basis of a perceived disability, plaintiff is not required to prove that defendant acted with the particular intent to violate plaintiff's federal rights under the ADA. Moreover, plaintiff is not required to produce direct evidence of intent, such as statements admitting discrimination. Intentional discrimination may be inferred from the existence of other facts.

Defendant has given a nondiscriminatory reason for not hiring plaintiff. If you disbelieve defendant's explanation for its conduct, then you may, but need not, find that defendant's stated reason for its actions was a pretext, or excuse, for discrimination. You then may, but need not, conclude that plaintiff has proved intentional discrimination.

**COMPENSATORY DAMAGES**

I am now going to instruct you on damages.  Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not defendant should be held liable.

If you find by a preponderance of the evidence that defendant violated plaintiff's rights under the ADA by refusing to hire him, then you must consider the issue of compensatory damages.  You must award plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of defendant's conduct.  The damages that you award must be fair compensation, no more and no less.  The award of compensatory damages is meant to put plaintiff in the position he would have occupied if the discrimination had not occurred.  Plaintiff has the burden of proving damages by a preponderance of the evidence.

Plaintiff must show that the injury would not have occurred without defendant's action.  Plaintiff must also show that defendant's action played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's action.  This test — a substantial part in bringing about the injury — is to be distinguished from the test you must employ in determining whether defendant's actions were motivated by discrimination.  In other words, even assuming that defendant's actions were

21

motivated by discrimination, plaintiff is not entitled to damages for an injury unless defendant's discriminatory actions actually played a substantial part in bringing about that injury.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork.

You may award damages for any pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that plaintiff experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

You may also award plaintiff the amount of wages and benefits that plaintiff would have received from defendant had plaintiff not been the subject of defendant's conduct, for the period from May 5, 2003 though November 3, 2004.

As I instructed you previously, plaintiff has the burden of proving damages by a preponderance of the evidence. But the law does not require that plaintiff prove the amount of his losses

with mathematical precision; it requires only as much
definiteness and accuracy as circumstances permit.

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach a unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong. But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that - your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

If any member of the jury took notes, let me remind you that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

If you did not take notes, you should rely upon your own memory of what was said and not be overly influenced by the notes of other jurors.

24

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

We generally end our business day at 4:30. If we do not hear from you by 4:30, I will be sending a note in to you to see whether you are close enough to a verdict to want to deliberate after 4:30 or whether you are going to recess for the evening and resume your deliberations on the next business day. You will need to respond in writing to that question.

I am going to remind you now, if you go home this evening and resume your deliberations on another day, you are not to talk about the case among yourselves or with anyone else during the evening recess. You are only supposed to talk about the case while you are all in the jury room.

So, if you do not reach a verdict today, keep these instructions in mind during the evening recess. Unless I hear from you that you want a different schedule, I will expect you all to come back at 9:30 in the morning of the next business day. You are not to start deliberating until you are all present in the jury room and participating together.

Because the lawyers have to make themselves available to respond to questions or receive the verdict, I personally give them between 1:00 and 2:00 to step away from the phone. So

25

whenever you are deliberating over the lunch hour, let me remind
you that if you ask a question between 1:00 and 2:00, you
probably will not get an answer back right away because we are
all going to be stepping away from our phones for a few minutes.

## DELIBERATIONS

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is the juror seated in the first seat of the first row.

One more thing about messages: Do not ever write down or tell anyone how you stand on your vote. For example, do not write down or tell anyone that you are split 4-4 or 6-2, whatever your vote happens to be. That should stay secret until you are finished.

27

## UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. The verdict form asks you a series of questions. Unless you are directed otherwise in the form, you must answer all of the questions posed and you must all agree on each answer. You will take this form to the jury room and when you have reached unanimous agreement as

28

to your verdict, you will return your verdict to the courtroom
deputy.

     It is proper to add the caution that nothing said in these
instructions and nothing in the form of verdict is meant to
suggest or convey in any way or manner what verdict I think you
should find.  What the verdict shall be is the sole and exclusive
duty and responsibility of the jury.

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide the case yourselves based on the evidence presented.