IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANFORD L. BURRIS, )
)
       Plaintiff, )
)
      v. )    C.A. No.: 04-1496 (SLR)
)
RICHARDS PAVING, INC. )
)
      Defendant. )

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, AFFIDAVIT,
AND LEGAL MEMORANDUM IN SUPPORT THEREOF**

The plaintiff, pursuant to the provisions of 42 U.S.C. §12205, Rule 54(d)(2)(B),

Federal Rules of Civil Procedure, moves this Court for an award of attorney's fees,

litigation expenses, and costs. In support of this motion the Plaintiff states as follows:

    1.    On December 5, 2006, after a two-day trial, this Court entered a judgment

in favor of the plaintiff, and against the defendant, based upon the jury's finding in favor

of the plaintiff, on all claims of the plaintiff, for discrimination under the "Americans With

Disabilities Act", 42 U.S.C. §12112, in the amount of $120,480.00, upon the jury's

verdict.

    2.    As a result of the jury verdict in his favor, the plaintiff, Stanford Burris, is a

prevailing party and is entitled to an award of attorney's fees, litigation expenses, and

costs pursuant to the provisions of 42 U.S.C. §12205, which authorize such an award.

    3.    The legal basis for this motion is premised upon the law as established by

the Third Circuit Court of Appeals in *Washington v. Philadelphia County Court of

Common Pleas*, 89 F.3d 1031 (3d Cir. 1996); *Rode v. Dellarciprete*, 829 F.2d 1177 (3d

Cir. 1990) and this Court in *Finch v. Hercules Incorporated*, 941 F.Supp. 1395 (Del. 1996).

4.    The Lodestar amount is the beginning point of any analysis for attorney's fees, and the prevailing market rate is the beginning point of calculation of the Loadstar, *Washington v. Philadelphia County Court of Common Pleas*, 892 F.3d 1031, 1035 (3d Cir. 1996).  The Loadstar is shown by the submission of evidence of the fee petitioner's hours worked, and the prevailing market rate, *Rode v. Dellarciprete*, 829 F.2d 1177, 1183 (3d Cir. 1990)  The prevailing market rate in the Third Circuit, and more specifically in the Delaware District varies between $300 and $410 per hour.  This rate is established by the affidavits of labor/employment lawyers representing both management (see affidavits of Victor F. Battaglia [Exhibit "1"]; Barbara Stratton [Exhibit "2"]; William Ewing [Exhibit "3"], and Matthew Boyer [Exhibit "4"]    In addition, the Fee Schedule established by the Community Legal Services, Inc. ("CLS") of Philadelphia, Pennsylvania,[Exhibit "5"] has been cited as being a fair reflection of the prevailing market rates in Philadelphia.  *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001).  Time spent preparing a Motion for Attorney's Fees is also compensable. *Bagby v. Beal*, 606 F.2d 411, 415-416 (3d Cir. 1979).

5.    The Lodestar is calculated by multiplying the requested attorney's fee amount of $350 per hour by the number of hours expended in this matter to reach a total amount of $37,240.00  The number of hours set forth as follows:

Gary W. Aber                    110.9 Hrs X $350 = $37,240.00

**LODESTAR AMOUNT**                              **$37,240.00**

The calculation of the Lodestar is derived from the usual and customary practices of the Law Offices of Gary W. Aber, for keeping time for billing purposes, which consist of recording the time, the date, and a brief description of the services rendered on the time sheets made on a regular and contemporaneous basis.  Those times are shown in the attached computerized sheets derived from the computer program known as "Timeslips" attached hereto as Exhibit "6".  This method meets the specificity required by the Third Circuit Court of Appeals, *Washington v. Philadelphia county Court of Common Pleas*, supra, at p. 1037-1038.

6.    To the extent possible, the time expended on this matter has been limited to that amount needed, consistent with professional obligations to the client, to achieve the maximum level of efficiency, in light of the level of the experience of the professional working on this matter, and with regards to the difficulty and uniqueness of the issues presented in this matter.  to the extent possible, the time records have been reviewed in this matter, and where and when appropriate, time has been eliminated through the exercise of billing judgment where it was deemed to be excessive or which involved work which was not strictly related to the pursuit of the claims in this matter.  However, this matter has involved initiation of a lawsuit, discovery, and defendant a motion for summary judgment, and a two day trial.

7.    The Plaintiff also requests **litigation expenses** pursuant to the provisions of 42 U.S.C. §12205.    The provisions of that statute, entitle the prevailing party, here the Plaintiff, to recover "litigation expenses" in addition to attorney's fees and costs.  This term "litigation expenses" is not mentioned in other fee shifting/attorney fees statutes, compare: 42   U.S.C.   §2000e-5(k)(Title   VII);   29   U.S.C.§216(b),   626(b)   (ADEA);   29

U.S.C.§794a(b)(Rehabilitation Act);  42 U.S.C.§1988(b)(Civil Rights Acts).  "Courts presume that Congress expressed its legislative intent through the ordinary meaning of the words it chose to use." United States v. Knox, 32 F.3d 733, 744 (3d Cir. 1994), and thus the words in a statute, here "litigation expenses" must be given their ordinary meaning. Where a phrase is included in a statute, but omitted from other similar statutes "…it is presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion…" Carpal v. United States, 166 F.3d 565, 578 (3d Cir. 1999).  The legislative history of this provision shows that Congress intended "litigation expenses" to include the cost of expert witnesses, the preparation of exhibits, the fees of paralegals, traveling expenses, etc.; See:  1990 U.S. Code Congressional and Administration News, p. 267 , 1990 Acts House Report No. 101-485, at p. 73, 140 (U.S. Code Congressional Administrative News, p. 423, 496).   The only other statute, which provides for attorney's fees and "expenses" in addition to costs is 28 U.S.C.A. §2412.  Cases interpreting the term "expenses" have been held under that statute to include: exhibits, Design and Production, Inc. v. U.S. 20 Cl. Ct. 207,  (Cl.Ct. 1990), postage costs, Aston v. Secretary of Health and Human Services 808 F.2d 9 (2d Cir. 1986), telephone costs, International Woodworkers of America, AFLCIO, Local 398 v. Donovan, 792 F.2d 762 (9th Cir. 1985), and travel expenses, Olympic Marine Services, Inc. v. United States, 792 F.Supp 461 (E.D. Va. 1992), United States v. One Rural Lot, 770 F.Supp. 66 (D.P.R. 1991).[1]  Accordingly, the Plaintiff would request an award of the following:

**Litigation Expenses:**

Deposition of Client                                   $131.20

---

[1] The litigation expenses and costs requested by the plaintiff do not include long distance telephone calls, facsimiles, Federal Express costs, postage, or mileage.

| Deposition of Thompson | $117.80 |
| Deposition of Moeluski | $166.21 |
| Pretrial Transcript | $ 45.43 |
| Trial Transcript<br>(Day 1 Only) | $785.40 |
| S & H Investigations<br>(Location of Address of Jeffrey Thompson) | $350.00 |

**Total Litigation Expenses**     **$1,596.04**

8.    Plaintiff would request , pursuant to the provisions of 42 <u>U.S.C.</u> §12205 the following "costs":

<u>**Costs**</u>:

| United States District Court | $150.00 |
| Brandywine Process Servers<br>(Service of Thompson Subpoena) | $ 45.00 |

**Total Costs**     **$195.00**

## ADJUSTMENT TO LODESTAR

9.    The plaintiff's requests no **Enhancement** to the Lodestar to compensate counsel for the delay in payment, for the time gap between the initiation of this lawsuit.

10.    The plaintiff submits that there should be no downward adjustment to the Lodestar in this matter. Although the Court, decided on the defendant's motion for summary judgment, *Burris v. Richards Paving, Inc.*, 2006 WL 3257210 (D.Del. 2006) to dismiss the claim of the plaintiff for actual disability, it at the same time allowed to proceed to trial the claim of the plaintiff for being "regarded as" disabled. In *Hensley*, 461 U.S. 424, 436 (1983):

"[T] he Supreme Court changed the focus of the inquiry from successful-unsuccessful to related/unrelated." *Leonard v. Argento*, 808 F.2d 1242 1245 (7th Cir. 1987).

It is clear that there was a central core of facts related to both the "actual disability" and the "regarded as" disabled claims, but with merely separate theories applicable to each. As the Supreme Court has explained:

"[I]n many cases, the plaintiffs' claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the District Court should focus on the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *McKenzie v. Eckerd*, 461 U.S. at 435.

See also:  *McKenzie v. Kennickell*, 645 F.2d 436, 437 (D.D.C. 1986)(even thought the plaintiffs were not completely successful of all claims, they were entitled to full attorney fees, because the entirety of attorney fees expended was reasonable in light of their overall success in the case). The value on one related claim should not preclude full recovery on another related claim, if plaintiff achieves success on the significant, interrelated claim. *Goos v. Nat'l Assn. of Realtors*, 68 F.3d 1380 (D.C. Cir. 1995).

11.    It has to be acknowledged that the plaintiff was successful in this litigation, since the most critical factor in measuring a degree of success is the amount of damages obtained, and if "excellent results" have been achieved, counsel should receive a fully compensatory fee, *Finch v. Hercules*, supra., at p. 1426. As the Third Circuit has ruled: "...the amount of the compensatory damages awarded may be taken into account when awarding attorney's fees to a civil rights plaintiff..." *Abrams v. Lightolier*, 50 F.3d 1204, 1222 (3d Cir. 1995).

"The amount of damages awarded, when compared to the amount

of damages requested, may be one of the measures of how successful the plaintiff was in his or her action, and therefore 'may be taken into account when awarding attorney's fees to civil rights plaintiffs'." *Washington v. Philadelphia County Court of Common Pleas,* supra. at p. 1042 (citing *Abrams v. Lightolir,* supra.)

12.   Since the plaintiff has achieved substantial success, *Finch v. Hercules,* supra., at p. 1426-27; *Washington v. Philadelphia Court of Common Pleas,* supra., at p. 1041, a full Lodestar award is appropriate.

13.   The petitioner is an experienced attorney and litigator in the field of employment law. He graduated from the National Law Center of George Washington University in 1972 (with Honors) and was admitted to practice before the Supreme Court of the State of Delaware in that year, and, before this Court and the Third Circuit Court of Appeals in 1973. His professional background is reflected in part by *Merrill v. Crothal-American, Inc.,* Del.Supr. 606 A.2d 96 (1992) (Implied Covenant of Good Faith and Fair Dealing recognized); *E.I. DuPont de Nemours & Co. v. Pressman,* Del.Supr. 649 A.2d 436 (1996) (En banc) (Implied Covenant of Good Faith and Fair Dealing applied at termination and defined); *Mondzelewski v. Pathmark Stores, Inc.,* 162 F.3d 778 (3d Cir. 1998); *Wilmore v. City of Wilmington,* 699 F.2d 667 (3d Cir. 1983) (Class action in support of the rights of minority fireman in the City of Wilmington); *Krupa v. New Castle County,* 732 F.Supp. 497  (D.Del. 1990)(reverse discrimination). The undersigned has also been elected to the "American Board of Trial Advocates".

14.   In summary, the plaintiff requests the following fees:

| | |
|---|---|
| Lodestar Amount (to December 12, 2006) | $37,240.00 |
| Litigation Expenses | $ 1,596.04 |
| Expenses | $   195.00 |

**TOTAL FEE REQUESTED**                    **$39,031.04**

**WHEREFORE**, Plaintiff request this Honorable Court for an award of attorney's fees, litigation expenses, and costs in the amount of $39, 031.04, and enter the award as a judgment against defendants.

ABER, GOLDLUST, BAKER & OVER

GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:

SWORN TO AND SUBSCRIBED, this 14th day of December, 2006.



NOTARY PUBLIC

# EXHIBIT 1

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 04-1496 (SLR) |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARDS PAVING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF VICTOR F. BATTAGLIA, ESQUIRE, IN SUPPORT OF PLAINTIFF'S MOTION FOR REASONABLE ATTORNEY FEES AND COSTS

STATE OF DELAWARE      :
                                       : SS.
NEW CASTLE COUNTY      :

I, Victor F. Battaglia, having been duly sworn according to law do depose and say:

1. I am an attorney admitted to practice in the State of Delaware in this Court.

2. I received my undergraduate degree in 1955 from the University of Delaware; my law degree from Georgetown University in 1958, and my L.L.M. from Georgetown University in 1959.

3. I was admitted to practice before the Delaware Supreme Court in January 1960, before the Court of appeals for the Third Circuit in 1960, and before the United States District Court for the District of Delaware in 1960.

4. I have been practicing law for 46 years in Delaware and in this district. I am a fellow of the American College of Trial Lawyers. I am past president of the Delaware State Bar Association in 1979, and was formerly the state delegate to the American Bar Associate House of Delegates from Delaware.

5. I am personally familiar with Gary W. Aber, who is the petitioner for attorney fees in this matter. Gary Aber has worked with me for many years as an associate, and I am personally familiar with the quality of his work as an attorney since he opened his own practice of law in the mid-1980s. He has demonstrated extraordinary ability in handling employment litigation and I consider his work to be exemplary. In the period of time since Mr. Aber has opened his own office for the practice of law, I have had occasion to meet with and consult with him on many legal matters, and I frequently refer legal matters to him.

6. I am personally aware of the rates for legal services in the District of Delaware. I personally bill my services at the rate of $350 per hour. It is my belief that such rate is commensurate with the prevailing market rate in this community for cases involving employment discrimination, and for someone with reasonably comparable skills, reputation, and experience needed to successfully try such matters.

7. I have been informed that the rate sought by Gary W. Aber in the above-captioned matter is $350 per hour, which I believe to be extremely reasonable and well within the prevailing market for an attorney of his demonstrated ability for employment law matters within the District of Delaware. It is my further belief that the rate sought by Mr. Aber in the amount of $125 per hour for paralegal/law clerk assistance needed in employment litigation/discrimination matters is both reasonable and well within the prevailing rate for such services in this district.

VICTOR F. BATTAGLIA

SWORN TO AND SUBSCRIBED before me this 12th of December , 2006.

ROBERT D. GOLDBERG
ATTORNEY-AT-LAW
NOTARIAL OFFICER
PURSUANT TO 29 DEL. CODE § 4323(a)
PERMANENT APPOINTMENT

NOTARY PUBLIC

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STANFORD L. BURRIS,        )
                               )
        Plaintiff,          )
                               )
        v.                 )     C.A. No.: 04-1496 (SLR)
                               )
RICHARDS PAVING, INC.     )
                               )
        Defendant.      )

## AFFIDAVIT OF BARBARA H. STRATTON

STATE OF DELAWARE      :
                           : SS.
NEW CASTLE COUNTY    :

     I, Barbara H. Stratton, having been duly sworn according to law do depose and say as follows:

     1.     My name is Barbara H. Stratton.  I am a partner in the law firm of Knepper & Stratton, 1228 North King Street, Wilmington, Delaware, 19801.

     2.     I am Phi Bata Kappa graduate of the University of Delaware.  In 1978 I received my Bachelor of Arts Degree with Honors.  In 1981 I graduated from the University of Pittsburgh School of Law with Honors.

     3.     I have been practicing law for 25 years.  I was admitted to practice law in the Commonwealth of Pennsylvania in October, 1981.

     4.     I was admitted to practice law in the State of Delaware in 1989.  I am also admitted to the United States District Court for the District of Delaware, the United States District Courts for the Eastern, Middle and Western Districts of Pennsylvania, and the Third Circuit Court of Appeals.

5.　　I practiced law in Pennsylvania from 1981 through 1988, primarily litigating cases before the Pennsylvania Public Utility Commission and the Commonwealth Court of Pennsylvania.

6.　　I was sworn in to the Bar of the State of Delaware in 1989. From 1989 to approximately 1991 I handled a range of litigation matters including asbestos defense, bankruptcy proceedings, plaintiff's personal injury cases, and public utility disputes.

7.　　Since 1992 I have concentrated my practice in the areas of plaintiff's employment law, plaintiff's personal injury, and claimant's worker's compensation.

8.　　I have successfully represented clients in employment cases in the United States District Court for the District of Delaware including: Spohn v. Accurate Office Machine Company, Inc., C.A. No. 92-276 MMS; Tofts v. Wilmington Trust Company, C.A. No. 92-729 JJF; Stanford v. Christina School District, C.A. No. 93-323 MMS; and Le'Allyce Green v. JEM Enterprises, Inc., C.A. No. 98-269 MMS; Okonowitz v. International Reading Association, C.A. No. 00-913 JJF; Hauge v. Brandywine School District, et al., C. A. No. 00-124 RRM; and Lowman v. State of Delaware Department of Correction, C. A. No. 01-477, JJF.

9.　　I have also been successful in the Third Circuit Court of Appeals in an employment case involving interpretation of the Americans with Disabilities Act. Emory v. AstraZeneca Pharmaceuticals LP, 401 F.3d 174, (2005).

10.　　I also represent plaintiffs in proceedings before Delaware State courts and Delaware State Administrative Agencies.

11.　　I am frequently consulted on employment law matters and often negotiate settlements prior to litigation. Most of those matters are subject to confidentiality agreements and the names of the parties can not be disclosed.

12.    I am a member of the Delaware State Bar Association, the Delaware Trial Lawyers Association, the National Employment Lawyers Association, the Delaware Employment Lawyers Association and the American Trial Lawyers Association.

13.    By appointment of the Delaware Supreme Court, I served two terms on the Delaware Board of Bar Examiners.

14.    My current hourly rate for employment matters is $300.00 per hour.

15.    Over the course of my practice, I have become familiar with the market rates of attorneys who practice in the labor employment area in the District of Delaware. My hourly rate is consistent with those prevailing market rates for Attorneys with similar experience.

16.    I am familiar with Gary W. Aber, the nature of his litigation experience in employment matters, and the quality of his legal work.  On occasion I have consulted with Mr. Aber concerning employment legal matters.

17.    In am aware that Mr. Aber has been practicing law for more than thirty (30) years, with a demonstrated emphasis on employment law.  It is my belief that the requested hourly rate by Mr. Aber of $350 per hour is reasonable, and is commensurate with the local practitioners of his skill, ability and experience.

_Barbara H. Stratton_
BARBARA H. STRATTON


SWORN TO AND SUBSCRIBED before me this 3th of December, 2006.

_Cecilian Dill_
NOTARY PUBLIC

EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1496 (SLR) |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF WILLIAM H. EWING

I, William H. Ewing, hereby state the following facts are true and correct to the best of my knowledge, information and belief:

1.    I make this declaration on my own personal knowledge, and I will testify hereto if called as a witness.

2.    After graduating from the University of Pennsylvania Law School, magna cum laude, in 1965, I clerked for the Honorable Warren E. Burger on the United States Court of Appeals for the District of Columbia Circuit. I was admitted to the District of Columbia Bar in 1965 and the Pennsylvania Bar in 1970 and am also a member of the Bars of the United States Supreme Court, the Courts of Appeals for the District of Columbia Circuit, the Third Circuit, and the Tenth Circuit, and the District Courts for the District of Columbia, Eastern and Middle Districts of Pennsylvania, and Northern District of California.

3.    Since 1970 I have been active in the private practice of law in Philadelphia, Pennsylvania. Until June 30, 1999, I was a shareholder in the firm of Connolly, Epstein, Chicco, Foxman, Oxholm & Ewing and its predecessors, and, since July 1, 1999, I have been a member

1

of Eckert Seamans Cherin & Mellott, LLC. I have had extensive experience in the preparation, trial and management of employment cases and other civil litigation.

    4.    Eckert Seamans has an office in Wilmington, Delaware.

    5.    My litigation experience includes representation of a substantial number of plaintiffs and defendants in employment cases, as well as bankruptcy, commercial and securities actions. I was the lead counsel for the plaintiff class in *Goodman v. Lukens Steel Company*, 580 F.Supp. 1114 (E.D.Pa. 1984), and argued that case in the Third Circuit, 777 F.2d 113 (1985), and the United States Supreme Court, 482 U.S. 656 (1987). Among the several other cases I have argued in the Court of Appeals for the Third Circuit are *McNaboe v. NVF Company*, 276 F.3d 578 (3d Cir. 2001), *Gwynedd Properties, Inc. v. Lower Gwynedd Twp.*, 920 F.2d 1175 (3d Cir. 1992), and *United Retail and Wholesale Emp. v. Yahn & McDonnell, Inc.*, 787 F.2d 128 (3d Cir. 1996), *aff'd by an equally divided court*, 481 U.S. 735 (1987).

    6.    Upon invitation, I have made presentations in a number of professional education programs, including the following:

**Plaintiff's Employment Panel of the United States District Court for the Eastern District of Pennsylvania: Educational Program**

"Damages and Attorney's Fees", 1990, 1991 and 1992.

"Discovery in Employment Cases", 1993.

"Ethics Issues in Employment Litigation", 1994.

"Alternative Dispute Resolution in Employment Discrimination Cases", 1995.

"Settlement Strategies", 1996.

Moderator, Panel of District Judges, 1997, 1998, 1999 and 2000

Panelist "Attorney's Fees After Buckhannon", 2001

Panelist, "The Latest on Buckhannon and Attorney Fees", 2002

Panelist, "After-Acquired Evidence: Reviewing the Landscape", 2003.

**Pennsylvania Bar Institute:  Annual Employment Law Institutes**

Panelist, "ETHICS: Communicating With Employees & Former Employees", 1995.

Co-presenter, "Negotiation And Settlement Strategies In the Age Discrimination Case", 1996. (Repeated in Hot Topics In Employment Law course, 1996).

Panelist, "The Trial of an Age Discrimination Case," 1999.

**American Bar Association Section of Labor and Employment Law:  Anniversary Celebration**

Panelist, "Advancement in the Workplace: Pay, Promotion, Pregnancy and the Glass Ceiling", 1995.

**National Employment Lawyers Association: Regional Conference**

Co-presenter, "Fee Applications: A Practical Discussion", 1996

**National Employment Lawyers Association: Trial Practice for the Plaintiff Employment Lawyer**

Co-presenter, "Exploring 'Backroom' Strategies During Trial", 1997

**National Employment Lawyers Association Annual Convention, 2005**

Moderator, "How To Pick Apart The Defendant's Human Resources Procedures."

**Philadelphia Bar Education Center:  Helping Real Estate Clients To Do Business in Philadelphia**

Materials editor and participant, 1995.

**Philadelphia Bar Education Center:  Real Estate and Land Use Practice Under Disability and Fair Housing Law**

Co-Course Planner and presenter, "Fair Housing Law As Applied"

**City of Philadelphia Law Department:  Life in the Big City V - Selected Topics for Municipal Attorneys**

Presenter, "What Zoning Is All About" and "Standing", 1999.

3

7.     The practice of employment law is full of pitfalls for the practitioner who is not both skillful and diligent because the law is still evolving at a rapid rate. Litigation under THE Americans With Disabilities Act, 42 U.S.C. §12101 *et seq.*, is particularly problematic because of the stringent standards for proving a disability.

8.     In my years of practice, I have become familiar with the market rates for attorneys who engage in civil rights and litigation in the Third Circuit, including Wilmington, Delaware and Philadelphia, Pennsylvania.

9.     I am also personally familiar with the background, skill, reputation and federal court litigation experience of Gary W. Aber. Mr. Aber and I have served as co-counsel with one another in Delaware litigation, *Nye v. University of Delaware*, C.A. No.: 02C-12-065 (RJR) (Delaware Superior Court).

10.    Gary W. Aber's requested rate of $350 per hour is well within the range of rates prevailing in the community for representation in employment litigation matters, and other services of similar complexity and specialization by lawyers whose skill, experience and reputation are reasonably comparable to his. My own standard hourly rate for such services is presently $410.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2006.

WILLIAM H. EWING

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1496 (SLR) |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT OF MATTHEW F. BOYER, ESQUIRE, IN SUPPORT OF PLAINTIFF'S
MOTION FOR REASONABLE ATTORNEY FEES AND COSTS**

STATE OF DELAWARE      :

                      : SS.

NEW CASTLE COUNTY     :

Matthew F. Boyer, being duly sworn, deposes and states:

1.      I make this Affidavit of my own personal knowledge, and can testify hereto if called as a witness.

2.      I am a practicing attorney in Wilmington, Delaware, in the law firm of Connolly Bove Lodge & Hutz LLP.

3.      I have practiced law in this jurisdiction since 1987 as a member of the Bar of the Supreme Court of Delaware.

4.      My practice is concentrated in the areas of employment litigation and business and commercial litigation.

5.      I received my baccalaureate degree from Harvard College and I received my juris doctorate from the University of Virginia.

6.      I am a member of the Delaware State Bar Association.

7.      My hourly rate for employment matters is generally $325 per hour.

8.    Over the course of my practice I have become familiar with the market rates for attorneys who practice in the labor and employment area in the District of Delaware. My rate is consistent with those prevailing market rates.

9.    In my opinion, the current hourly rate of $350 per hour for Gary W. Aber, Esquire, is reasonable for employment law matters and well within the range of prevailing rates in this area for persons of his years of experience, knowledge and reputation.

_____
MATTHEW F. BOYER


SWORN TO AND SUBSCRIBED before me this 8th of ___December___, 2006.


_____
NOTARY PUBLIC

# EXHIBIT 5

# COMMUNITY LEGAL SERVICES, INC.
## ATTORNEY'S FEES CHARGED TO OPPOSING PARTIES
### SCHEDULE OF HOURLY RATES

---

**Explanatory Notice to the Public**

*Community Legal Services never charges attorney's fees to its clients,* although in some cases clients are asked to pay for court filing fees or other out of pocket expenses. The attached chart lists the fee schedule used by CLS only in cases in which a law allows for the award of attorney's fees *from opposing parties* in order to compensate CLS for the legal services provided to its clients

---

| CATEGORY | RANGE OF HOURLY RATES |
| --- | --- |
| Attorneys with post-law school experience under 2 years | $140 — $150 |
| Attorneys with 2-5 years' experience | $160 — $190 |
| Attorneys with 6-10 years' experience | $200 — $250 |
| Attorneys with 11-15 years' experience | $220 — $260 |
| Attorneys with 16-20 years' experience | $250 — $270 |
| Attorneys with 21-25 years' experience | $270 — $310 |
| Attorneys with more than 25 years' experience | $310 — $400 |
| Law Students | $ 70 — $120 |
| Paralegals I and II | $ 70 — $ 90 |
| Senior and Supervisory Paralegals | $ 90 — $120 |

*These rates do not reflect any adjustment for contingency, and are based on Philadelphia law firm market survey data.

**THESE FEES ARE NOT CHARGED TO CLS CLIENTS. SEE NOTICE ABOVE.**

EXHIBIT 6

ABER, GOLDLUST, BAKER & OVER
P. O. Box 1675
Wilmington, DE 19899-1675
(302) 658-1800

December 13, 2006

Mr. Stanford Burris
P.O. Box 1153
New Castle DE 19720

FED. TAX I.D. #51-0337952

In Reference To:              Burris v. Richards Paving

Professional Services

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 4/27/2004 | O/C w/client, LF-D, LT-Client | 1.30 350.00/hr | 455.00 |
| 11/23/2004 | O/C w/client, File Memo | 1.00 350.00/hr | 350.00 |
| 12/8/2004 | Review Complaint, O/C w/client | 0.80 350.00/hr | 280.00 |
| 12/27/2004 | Review Documents, TT-Department of Labor, TT-Client | 2.20 350.00/hr | 770.00 |
| 12/28/2004 | Prepare Entry of Appearance, Rule to Show Cause, O/C w/client | 2.50 350.00/hr | 875.00 |
| 1/3/2005 | TF-D | 0.10 350.00/hr | 35.00 |
| 1/26/2005 | Receive Order O/C w/Client | 1.30 350.00/hr | 455.00 |
| 2/18/2005 | Research | 2.00 350.00/hr | 700.00 |
| 2/19/2005 | Research | 3.00 350.00/hr | 1,050.00 |
| 3/17/2005 | Receive Order, TT-D | 0.30 350.00/hr | 105.00 |
| 3/29/2005 | Receive Court Order, T/C w/client | 0.60 350.00/hr | 210.00 |

Mr. Stanford Burris

| Date | Description | Hrs/Rate | Amount |
|---|---|---|---|
| 4/1/2005 | Receive Orders (2) | 0.30 350.00/hr | 105.00 |
| 7/11/2005 | O/C w/client, Finalize IG Answers | 1.50 350.00/hr | 525.00 |
| 7/28/2005 | LF-D, TT-D | 0.20 350.00/hr | 70.00 |
| | LF-D, TT-D, TF-Client | 0.30 350.00/hr | 105.00 |
| 8/5/2005 | TF-Client, Receive D's Notice of Depo | 0.40 350.00/hr | 140.00 |
| 8/29/2005 | TT-Client, TT-D | 0.20 350.00/hr | 70.00 |
| 8/31/2005 | O/C w/client | 1.00 350.00/hr | 350.00 |
| 9/1/2005 | Review and Summarize Documents Produced by Plaintiff | 7.00 125.00/hr | 875.00 |
| | Prepare for and Attend Depo of Client by D | 6.50 350.00/hr | 2,275.00 |
| 9/5/2005 | TF-D, LF-d, TT-D | 0.50 350.00/hr | 175.00 |
| 10/18/2005 | Review Factual, LT-D, TT-Client | 0.80 350.00/hr | 280.00 |
| 11/16/2005 | T/C w/Court | 0.60 350.00/hr | 210.00 |
| 12/2/2005 | Prepare Discovery | 1.50 350.00/hr | 525.00 |
| 12/13/2005 | T/C w/Court | 0.20 350.00/hr | 70.00 |
| 12/24/2005 | Receive D's Rule 26, D's Answers to IG's and Review, LT-Client | 1.00 350.00/hr | 350.00 |
| 12/27/2005 | Receive IG's, LT-Client | 0.30 350.00/hr | 105.00 |
| 1/24/2006 | LF-D | 0.10 350.00/hr | 35.00 |

Mr. Stanford Burris

| Date | Description | Hrs/Rate | Amount |
|------|-------------|----------|--------|
| 2/3/2006 | LF-D, TT-D, LT-Client | 0.40 350.00/hr | 140.00 |
| 2/10/2006 | Prepare for and Attend Mediation, Answer D's IG's | 7.10 350.00/hr | 2,485.00 |
| 6/14/2006 | Prepare for Depo of Moluski | 2.50 350.00/hr | 875.00 |
| | Attend Client's Depo, O/C w/client | 3.50 350.00/hr | 1,225.00 |
| 7/19/2006 | Prepare for and attend Depo of Thompson | 2.20 350.00/hr | 770.00 |
| 8/5/2006 | Review D's Brief, Research, Abstract Depositions | 3.50 350.00/hr | 1,225.00 |
| 8/16/2006 | Resarch for Brief | 2.80 350.00/hr | 980.00 |
| 8/17/2006 | Prepare Answering Brief | 3.30 350.00/hr | 1,155.00 |
| 8/18/2006 | Finalize Brief & Appendix | 1.20 350.00/hr | 420.00 |
| 11/7/2006 | Prepare Pretrial, LF & LT-D | 2.50 350.00/hr | 875.00 |
| 11/8/2006 | Prepare Responses to D's Motions in Limine (3) | 5.60 350.00/hr | 1,960.00 |
| 11/9/2006 | Review Court Opinion, TT-client | 1.10 350.00/hr | 385.00 |
| 11/10/2006 | LT-Court, O/C w/client, LF-D | 1.50 350.00/hr | 525.00 |
| 11/13/2006 | Prepare for an attend Pretrial | 1.50 350.00/hr | 525.00 |
| 11/28/2006 | O/C w/client, TT-D, LF-D, LF-Court | 1.60 350.00/hr | 560.00 |
| 11/30/2006 | O/c w/client | 1.00 350.00/hr | 350.00 |
| 12/1/2006 | Prepare Subpoenas, Contact Investigator, Prepare for Trial, T/C w/d, LF-Court | 2.10 350.00/hr | 735.00 |

Mr. Stanford Burris

Page    4

| | | Hrs/Rate | Amount |
|---|---|---|---|
| 12/2/2006 | Prepare for Trial | 1.10 350.00/hr | 385.00 |
| 12/3/2006 | O/C w/client, Trial Prep | 6.50 350.00/hr | 2,275.00 |
| 12/4/2006 | Prepare for an Attend Trial | 8.10 350.00/hr | 2,835.00 |
| 12/5/2006 | Review Instructions and Verdict Sheet, Prepare Instructions, Prepare and attend trial, O/C w/client | 7.60 350.00/hr | 2,660.00 |
| 12/9/2006 | Research, Prepare Affidavits, Prepare Fee Petition, Prepare Bond Motion | 4.20 350.00/hr | 1,470.00 |
| 12/11/2006 | Revise Fee Affidavit and Petition | 1.50 350.00/hr | 525.00 |
| 12/12/2006 | Review and Revise Bond Motion | 1.00 350.00/hr | 350.00 |
| | For professional services rendered | 110.90 | $37,240.00 |
| | Balance due | | $37,240.00 |