IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1496 (SLR) |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR SETTING OF BOND

The plaintiff, Stanford Burris requests this Court to set security in the above-captioned matter for the reasons set forth:

1.     A Judgment in the above-captioned matter was entered by this Court in favor of the Plaintiff, and against the Defendant in the sum of $120,480 on December 5, 2006.

2.     The provisions of 42 U.S.C. §12205 provides, that the prevailing party in litigation such as this may recover reasonable attorney's fees, including litigation expenses, and costs.

3.     The provisions of Rule 62(a), Federal Rules of Civil Procedure, provide that there is an automatic stay of execution and proceedings taken upon a judgment for a period of 10 days after its entry.  After that time, pursuant to Rule 62(b), this Court may enter a stay of execution or any other proceedings to enforce a judgment if, in its discretion, security for the judge is deemed appropriate.  Little if any law is available in interpreting Rule 62(b) concerning the posting of security upon post trial motions. However, the provisions of Rule 62(d) apply in the same form, for a stay of execution upon the taking of an appeal, and it would appear that the purposes of bond pending an

appeal would be the same as for a bond while the Court considering post trial matters.

4.      A plaintiff who ha won in the trial court should not be put through the time and expense of defending their judgment unless Defendant takes reasonable steps to ensure that the judgment will be paid, *Schreiber v. Kellog*, 869 F.Supp. 1157, 1159 (E.D. Pa. 1993); citing *Lightfoot v. Walker*, 797 F.2d 505, 507 (7th Cir. 1986). "[t]he onus is on the Defendant to establish good cause for a waiver or reduction of the bond requirement." S*chreiber v. Kellog*, supra, at p. 1161.   The purposes of a bond is to preserve the status quo, and protect the winning party from any possibility of loss resulting from the delay in execution. S*chreiber v. Kellog*, supra, at p. 1159, citing: *Federal prescription Service v. American Pharmaceutical Association,* 636 F.2d 755 (D.C. Cir. 1980).  Further, a bond is designed to secure the prevailing party against any risk that the judgment debtor will be unable to meet its obligations after an appeal. *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).   It is generally accepted, that when viewing Rule 62 in its entirety, that rule indicates that there is a policy against an unsecured stay of execution after the expiration of the time for filing a motion for a new trial, 11A *Wright & Miller, Federal Practice and Procedure*, §2903.

5.      The amount of the bond, under Rule 26(b) should be enough to satisfy the judgment, plus interest and costs, S*chreiber v. Kellog*, supra, at p. 1159 citing: *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, supra, at p. 1191; *American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount*, 87 S.Ct. 1, 2, 17 L.Ed.2d 37 (1966).   The judgment debtor bears the burden of establishing "objectively" any need for the departure of posting a bond sufficient to satisfy the full

judgment, interest, and costs. S*chreiber v. Kellog*, supra, at p. 1159;  *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, supra, at p. 1190-1191.

6.    The Court's discretion to stay execution without requiring the posting of a bond is limited and should be exercised sparingly, *Security Exchange Commission v. O'Hagan*, 901 F.Supp. 1476, 1480 (d. Minn. 1995), citing : *United States on Behalf of Small Business Administration v. Kurtz*, 528 F.Supp. 1113, 1115 (E.D.Pa. 1981)(if no bond is posted, the debtor, defendant must propose alternative plans to satisfy the judgment).

7.    Under the applicable law, not only is a bond appropriate, and necessary to preserve the status quo, and to ensure collection of the judgment in this matter, but, without the bond, the Plaintiff does face the very real potential of an inability to collect this judgment.

8.    The judgment in this matter was entered in the amount of $120,480. The provisions of the applicable statute, as cited above (see ¶2) provides that the Plaintiff in this matter is entitled to receive both attorney's fees, litigation expenses, and costs.  The Plaintiff will be filing in the near future, an application for attorney's fees.  The "lodestar" will be approximately $37,240.00.  Litigation expenses will be approximately $1,596.64 and costs $195.00, or a total of $39,031.04.  Since, the defendant may seek post-trial relief, or may appeal this matter, as announced in the news media, interest on this judgment will run for a period of between on to two years, which may result in interest of between $15,000 and $20,000.  thus, the suggestion is made that a bond in this matter be required of the Defendant in the amount of $160,000.00.

WHEREFORE, the plaintiff requests this Court to direct that the defendant post bond, with security satisfactory to the plaintiff and the Court in the amount of $160,000

.

ABER, GOLDLUST, BAKER & OVER

        /s/ Gary W. Aber
_____
GARY W. ABER (DSB #754)
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STANFORD L. BURRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: 04-1496 (SLR) |
| | ) | |
| RICHARDS PAVING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The Motion of the Plaintiff, Stanford Burris, for the posting of security by the defendant, with regards to a judgment entered in the above-captioned matter on December 5, 2006, having been considered, it is hereby;

ORDERED, that the execution of, or any proceedings to enforce the judgment rendered herein, and entered on December 5, 2006 in favor of the Plaintiff, Stanford Burris and against the Defendant, Richards Paving, Inc., be stayed, pending the disposition of any of the motions of the Defendant, Richards Paving, Inc., for a new trial, and/or a judgment as a matter of law, it is further:

ORDERED, that the Defendant, Richards Paving, Inc., as a condition to the Order in the foregoing paragraph shall enter either a cash bond, or a bond with surety, approved by the Plaintiff and by the Court in the amount of $_____, on or before the _____day of _____, 2006, conditioned upon the satisfaction of the above-described judgment, with interest, cots, litigation expenses and attorney's fees, in the event the Defendants motions for a new trial and for judgment as a matter of law be denied, and/or the defendant's appeals be denied, dismissed, or otherwise disposed of contrary to the request of the defendant.

_____
J.