IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Stanford L. Burris                  :
                                    :
      Plaintiff,                    :
                                    :  Civ. No. 04-1469-SLR
v.                                  :
                                    :
Richards Paving, Inc.               :
                                    :
      Defendant                     :

**DEFENDANT RICHARDS PAVING, INC.,'S**
**MOTION FOR RENEWED JUDGMENT AS A MATTER OF LAW OR IN THE**
**ALTERNATIVE, FOR REMITTITUR**

Defendant Richards Paving, Inc., (hereafter referred to as "Richards Paving") hereby moves this Court to enter an order granting its Motion for Renewed Judgment as a Matter of Law.

1. Pursuant to Federal Rules of Civil Procedure Rule 50(b), a party may renew its request for judgment as a matter of law within 10 days after entry of judgment.

2. In the morning of December 5, 2006, the undersigned counsel for defendant made a motion for judgment as a matter of law. At the time, this Honorable Court reserved its decision.

3. In the afternoon of December 5, 2006, a jury returned a verdict in favor of the plaintiff in the sum of $120,480.00.

4. "To prevail on a renewed motion for judgment as a matter of law following a jury trial, the moving party must show that the evidence and the justifiable inferences therefrom do not afford any rational basis for the verdict." McKnatt v. State of Delaware, 2005 WL 1130270, *1 (D.Del.), citing Delli Santi v. CNA Ins. Cos., 88 F.3d 192, 200 (3d. Cir. 1996). (Exhibit A).

5. In the present case, the evidence does not support any rational basis for the verdict.

6. The critical allegation in plaintiff's complaint, alleging discrimination by the defendant was that the defendant perceived plaintiff as disabled because he could not be heard over the radio. Plaintiff further testified that because defendant allegedly could not hear him over the radio, defendant could not hire him. (Exhibit B, pg 78, ln17-pg 79, ln 6).

7. However, plaintiff's trial testimony is clear that he was never asked to speak on the radio on either the first day or the second day. It is disputed that plaintiff met with anyone on the second day since Mr. Moluski testified that he never met plaintiff after the first day.

8. **Plaintiff first testified that there was no radio in the truck he took his driving test in.** (Exhibit B, pg 96, ln 7-14). Therefore, he could not have spoken on the radio in that truck.

9. Plaintiff admitted that he never spoke on the radio on the second day. (Exhibit B, pg, 95, ln 22-pg. 96, ln 20).

10. Plaintiff later testified that he believed the radio test was given on the first day and that it was in another truck. However, his later testimony contradicts the earlier testimony. Plaintiff candidly admits that he never drove in any other truck on the first day, nor did he even go in another truck the first day. (Exhibit B, pg. 90, ln 10-17). Since he admits that he did not go into another truck on the first day, there is no conceivable way a jury could determine that plaintiff spoke over the radio on the first day.

11. Finally, plaintiff admits that Mr. Moluski never asked him to speak on the radio at

anytime on the first day. (Exhibit B, pg 93, ln 23-25). Thus, there is overwhelming evidence that no radio test was ever given to the plaintiff. Under plaintiff's charge of discrimination, if there was no radio test given, then there is no evidence that plaintiff was perceived as being disabled because he could not be heard over the radio.

**12.** It is undisputed that Mr. Thompson never spoke to the plaintiff. He testified that any information he received regarding the radio test came from the Delaware Department of Labor and he had no reason to dispute it. (Exhibit B, pg 136, ln 17-25). Thus, he could not have perceived the plaintiff as being disabled since he never met him.

**13.** Even giving the plaintiff all reasonable inferences, there is no evidence or testimony that plaintiff was given any radio test during his interview. Plaintiff admits that Mr. Moluski never asked him to speak on the radio during the first day. Furthermore, plaintiff admits that there was no radio in the first truck and he never went into another truck on the first day. Likewise, plaintiff admits that no radio test was given on the second day. Thus, it is impossible for a jury to return a verdict that plaintiff was perceived as disabled, if he cannot prove that plaintiff was ever given a radio test.

**14.** The only other argument plaintiff could make is that Mr. Moluski perceived plaintiff as disabled is based on their conversations in the truck. However, Mr. Moluski candidly admitted that he had no trouble hearing him. (Exhibit B, pg 168, ln 9-13). Thus, the evidence is undisputed that Mr. Moluski did not perceive him as disabled based on his face to face conversations with the plaintiff.

15. Defendant also moves for remittitur pursuant to Rule 59(e) to reduce the monetary

judgment awarded to plaintiff. Under the Americans with Disabilities Act, there is a cap for compensatory damages for companies with less than 100 employees. The cap is $50,000 for companies with less than 100 employees.

16. "Whether or not a damages award is excessive is a matter left to the sound discretion of the trial judge." Bates v. Board of Education of the Capital School District, 2000 WL 376405, *10 (D. Del.), citing Edynak v. Atlantic Shipping Inc., CIE Chambon, 562 F.2d 215, 225-26 (3d Cir. 1977). (Exhibit C).

17. Furthermore, the Court may reduce the damage award, if the award is the product of passion and prejudice and shocks the conscience. Id.

18. In the present case, it is clear that the jury determined its award of damages was unsupported by the evidence and based solely on passion and sympathy for the plaintiff.

19. As stated above, there was no evidence to support a finding that plaintiff was perceived as disabled let alone a damage award of approximately $121,000. Furthermore, since it is impossible for the Court to determine how much of the damage award was compensatory and how much was back pay, plaintiff's total damage award should be reduced to at the statutory maximum of $50,000.

**WHEREFORE**, for the reasons stated above, Richards Paving respectfully requests that this Court grant defendant's Renewed Motion for Judgment as a Matter of law or in the alternative, remittitur.

                                                  **ELZUFON AUSTIN REARDON TARLOV & MONDELL, P.A.**

/s/ Matthew P. Donelson
_____
Matthew P. Donelson, ID #4243
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630

Dated: December 15, 2006

(302) 428-3181
Attorney for Defendant
Richards Paving, Inc.

Case 1:04-cv-01469-SLR   Document 65   Filed 12/15/2006   Page 5 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Stanford L. Burris | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civ. No. 04-1469-SLR |
| v. | : | |
| | : | |
| Richards Paving, Inc. | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2006, it is ORDERED that Defendant Richards Paving, Inc., s' Renewed Motion for Judgment as a Matter of Law and/or remittitur is hereby GRANTED.

**IT IS SO ORDERED**

_____
J.