IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

Stanford L. Burris                        :

                                 :

         Plaintiff,               :

                                 :       Civ. No. 04-1469-SLR

v.                                   :

                                 :

Richards Paving, Inc.                :

                                 :

         Defendant             :

**DEFENDANT RICHARDS PAVING, INC.,'S
RESPONSE TO PLAINTIFF'S MOTION FOR SETTING OF BOND**

Defendant Richards Paving, Inc., (hereafter referred to as "Richards Paving") hereby moves this Court to enter an order denying plaintiff's motion for setting of bond.

1.       Plaintiff is correct in that there is not a lot of case law on this issue.

2.       Under <u>Hurley v. Atlantic City Police Department</u>, the predominant view in the Third Circuit is that Fed.R.Civ.P. 62(d) permits the district court judge to exercise her own discretion to grant a stay without a bond or with a modified bond. 944 F. Supp. 371, 374, (D.N.J. 1996).

3.       Furthermore, several factors can be used to determine whether the bond should be waived. <u>Id</u>. Among those considerations is the degree of confidence that the district court has in the availability of the funds to pay the judgment and whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money. <u>Id</u>.

4.       In the present case, the defendant has been in business for over 30 years and has continued to grow since its inception in 1973. As evident by the information on its website, Richards Paving currently performs paving work in the states of

Delaware, Maryland and Pennsylvania with no signs of slowing down. Based on Richards Paving's substantial business history, its ability to pay the judgment should be "so plain" to the Court, that the imposition of a bond would be a waste of money.

5.  The Court should not impose a bond pending the outcome of defendant's renewed motion for judgment as a matter of law. Pursuant to Fed.R.Civ.P. 62(f), in any state where the judgment is a lien on the property, and the judgment debtor is entitled to a stay of execution, then a judgment debtor is entitled to the same stay of execution that it would have had in the state court.

6.  Pursuant to 10 Del.C. §§35 and 47, a judgment in Delaware could act as a lien on defendant's property. Under Rule 62(b) of the Delaware Superior Court Rules, there is no mention of a bond requirement in order for the Court to stay the execution of the judgment pending the motion for directed verdict. Pursuant to Fed.R.Civ.P 62(f), Richards Paving should be entitled to the same stay of execution that it would have under DE laws. In other words no bond should be imposed while the Court reviews defendant's motion for renewed judgment as a matter of law.

7.  As the Court is keenly aware, the bond only becomes an issue, if the defendant appeals the final judgment. While the defendant has not made a final determination of whether it will exercise its appeal rights, it appears that plaintiff is using intimidation tactics to discourage Richards from appealing by requesting the Court impose an unnecessary $160,000 bond. Plaintiff's only contention is a bald assertion that Plaintiff, "does face the very real potential of an inability to

collect the judgment." However, he offers no proof or evidence to support that assertion.

8.    Finally, plaintiff's motion to set a bond is premature since no appeal has been filed. Likewise, the Court's decision on defendant's motion for remittitur and plaintiff's motion for attorney's fees will impact any bond amount the Court imposes since, the judgment and fees may be significantly reduced.

WHEREFORE, for the reasons stated above, Richards Paving respectfully requests that this Court deny plaintiff's motion to set bond.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

_____
Matthew P. Donelson, ID #4243
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant
Dated: December 21, 2006          Richards Paving, Inc.