IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANFORD L. BURRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No.: 04-1469 (SLR) |
| | ) |
| RICHARDS PAVING, INC. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY MEMORANDUM AS TO**
**PLAINTIFF'S MOTION FOR SETTING OF BOND**

The defendant, Richards Paving opposes the plaintiff's request for a bond in this matter. The plaintiff responds as follows:

1. Defendant correctly cites Rule 62(f), Federal Rules of Civil Procedure, which states that the defendant is entitled a stay on any basis as under state law. Following Rule 62(f), the defendant cites 62(b), Superior Court Civil Rules, for the proposition that no provision is contained in that State rule for a stay, pending a motion for a directed verdict.

2. What is pending before the Court is a Motion for Judgment as a Matter of Law. The State rule, Rule 62(b), provides that a Court has the discretion to stay execution on a judgment "...on such conditions for security of the adverse party as are proper...". Rule 62(b), Superior Court Civil Rules. Thus, contrary to what the defendant claims, the defendant is not "entitled" to a stay of execution, but rather this Court has discretion both under Rule 62, Federal Rules of Civil Procedure, and Rule 62(b), Superior Court Civil Rules, to set bond for such a stay.

3. As recognized by Delaware Courts, the mere pendency of a motion for a judgment N.O.V. does not automatically operate as a stay or suspension of a judgment.

<u>Dick v. Kautoufaris</u>, 1999 WL 113617 (Del. Super. 1991)(holding that a judgment plaintiff not only has a judgment, but may execute on the judgment unless a motion for stay is made and is granted). The defendant has not sought a stay in this matter.

2. The defendant states that it has been in business over thirty (30) years and does business in three (3) states. However, the defendant offers no factual basis to show that plaintiff's judgment will be collectable, and suggests that the Court and the plaintiff accept on faith the unsubstantiated assertions that the defendant will be able to satisfy any judgment. This is not a case where the defendant has the financial backing of an insurance company to guarantee payment of judgment, but rather, a judgment will be from the defendant's own assets. In this case, the defendant has sought to limit the judgment, claiming that it has less than one hundred (100) employees, and thus, suggesting that it is not a large corporation, which suggests that it does not have with a great amount of liquid assets to satisfy any judgment.

WHEREFORE, the plaintiff requests this Court to grant its Motion for Setting Bond in the amount of $160,000.

Respectfully Submitted,

/s/ Gary W. Aber
GARY W. ABER (DSB #754)
Aber, Goldlust, Baker & Over
702 King Street, Suite 600
P.O. Box 1675
Wilmington, DE  19899
(302) 472-4900
Attorney for Plaintiff

DATED:  December 27, 2006