IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STANFORD L. BURRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 04-1469 (SLR) |
| ) | |
| RICHARDS PAVING, INC. ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY FEES**

The defendant, Richards Paving has objected to five (5) hours of billable time shown in Exhibit No. 6 of Plaintiff's Motion for Attorney Fees, at which time was denoted as "Research". Plaintiff responds as follows:

1. The research performed on behalf of the plaintiff, on February 18, 2006 and February 19, 2005 was research into the theories and nature of the potential claims of the plaintiff, in order to determine the validity of any claim that the plaintiff might assert. As the Court will recall, the defendant filed a motion for summary judgment in August 2006. The time records contained in Exhibit No. 6 to the Plaintiff's Motion for Attorney Fees shows that the research required to respond to the Defendant's Motion for Summary Judgment consisted of only 2.8 hours on August 16, 2006. It is submitted by doing preliminary research in the matter, at the earlier stages, minimized the amount of research that was needed in the preparation plaintiff's of answering brief to the summary judgment motion in this matter. The efficient use of time by doing research at the initial stages of litigation should not penalize a party for not utilizing the same time at later stages during briefing of a motion for summary judgment. In Re: Fine Paper Anti-Trust Litigation, 751 F.2d 562, 584 (3d Cir. 1984)(the Court may consider awarding attorney fees by showing efficient

methods to expedite cases). The total amount of time to do research in response to Defendant's Motion for Summary Judgment, was thus 7.6 hours, which, it is suggested, a minimal amount of time for general research for the merits of the case, and in responding to defendant's motion for summary judgment.

2. Defendant also objects to 5.6 hours utilized by plaintiff for preparing responses to defendant's motions in limine at a total cost of $1,960, on the basis that the responses were filed two days beyond the date of the scheduling order. Plaintiff acknowledges that the responses were filed on November 8, 2006. However, the two additional days do not seem unreasonable since the defendant filed, without prior notice, three separate and distinct motions in limine on October 31, 2006, a week prior to the filing of the responses. The extra two days were needed to respond to all three of the defendant's motions in limine.

3. Finally, the defendant requests this Court to modify plaintiff's request for attorney fees for any amount the Court deems unreasonable and excessive, without specifying the basis for such a claim.

WHEREFORE, the plaintiff requests this Court to grant the Plaintiff's Motion for Attorney Fees and Expenses in the amount of $39,031.04.[1]

                                      ABER, GOLDLUST, BAKER & OVER

                                      /s/ Gary W. Aber
                                    GARY W. ABER (DSB #754)
                                    702 King Street, Suite 600
                                    P.O. Box 1675
                                    Wilmington, DE  19899
                                    (302) 472-4900

DATED: December 27, 2006          Attorney for Plaintiff

---

[1] In order to expedite this matter and not to further burden the Court, the plaintiff is not amending his request for attorney fees for time spent in this matter in post-trial proceedings, including responding to Defendant's Motion for Judgment as a Matter of Law, and or Remittitur.