IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stanford L. Burris | : |
| Plaintiff, | : |
| v. | : Civ. No. 04-1469-SLR |
| Richards Paving, Inc. | : |
| Defendant | : |

### DEFENDANT RICHARDS PAVING, INC.,'S
### MOTION TO STAY EXECUTION OF JUDGMENT

Defendant Richards Paving, Inc., (hereafter referred to as "Richards Paving") hereby moves this Court to enter an order granting its Motion to Stay Execution of the Judgment.

Pursuant to Federal Rules of Civil Procedure Rule 62(b), the Court has discretion to stay the execution of or any proceedings to enforce a judgment pending the outcome of a motion for new trial, motion to alter the judgment or a motion made pursuant to Rule 50, *see also* Boehringer Ingelheim Vetmedica, Inc., v. Shering-Plough Corp., 106 F. Supp.2d 696, 708 (D.N.J. 2000).

1. On December 5, 2006, a jury returned a verdict in favor of the plaintiff.

2. On December 15, 2007, the defendant filed a renewed motion for judgment as a matter of law pursuant to Rule 50 and a motion to alter or amend the judgment pursuant to Rule 59. Currently, defendant's post-trial motions are pending.

3. Plaintiff has also filed multiple post trial motions. Plaintiffs' motions are still pending.

4. On or about December 20, 2006, the Court entered final judgment in this matter.

5.      On January 16, 2007, plaintiff filed a notice of 30(b)(6) deposition in aid of execution. According to plaintiff's notice, the deposition is scheduled for February 9, 2007. For the reasons stated in this motion, plaintiff's notice of deposition and any motion to execute the judgment should be stayed pending the outcome of the post-trial motions.

6.      The Court's decision on the pending post-trial motions will greatly affect the execution of the judgment. For example, should the Court grant defendant's renewed motion for judgment as a matter of law, then any judgment would be moot. Thus, the defendant would have to expend additional time and money to oppose a motion to execute the judgment as well as attending a deposition that may be unnecessary.

7.      Alternatively, the Court's decision on the defendant's motion to alter the judgment will affect the amount of judgment that should be executed.

8.      Plaintiff is not prejudiced or substantially harmed by a stay pending the resolution of the post-trial motions since he also has post-trial motions that need to be resolved.

**WHEREFORE**, for the reasons stated above, Richards Paving respectfully requests that this Court grant defendant's Motion for Stay of Execution of Judgment and stay of plaintiff's discovery in aid of execution.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

_/s/ Matthew P. Donelson_
Matthew P. Donelson, ID #4243
300 Delaware Avenue, Suite 1700
P.O. Box 1630
Wilmington, DE 19899-1630
(302) 428-3181
Attorney for Defendant
Richards Paving, Inc.

Dated: January 18, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Stanford L. Burris | : |
|     Plaintiff, | : |
| | :    Civ. No. 04-1469-SLR |
| v. | : |
| Richards Paving, Inc. | : |
|     Defendant | : |

### ORDER

AND NOW, this _____ day of _____, 2007, it is ORDERED that Defendant Richards Paving, Inc.'s Motion to Stay Execution of the Judgment is hereby GRANTED.

It is further ordered that plaintiff's notice of deposition in aid of execution is hereby stayed until the post-trial motions are resolved.

**IT IS SO ORDERED**

_____
J.